(111 App. Div. 504)

### PEOPLE v. LIPP.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. LARCENY—TRIAL—REFUSAL OF INSTRUCTION.

 Pen. Code, § 529, provides that a person who willfully, with intent to defraud, by a check or draft or order for the payment of money, when such person knows that the drawer or maker thereof is not entitled to draw on the drawee, although no express representation is made in reference thereto, obtains from another any money or property, is guilty of stealing the same and punishable accordingly. *Held*, where there was evidence to show defendant's good faith in drawing a check on his bank account in exchange for jewelry purchased of the complaining witness, it was error to refuse a request to charge that the conduct of the defendant immediately prior and subsequent to the transaction, must be considered in determining the good faith of the defendant and his lack of criminal intent.

2. CRIMINAL LAW—PLACE OF CRIME—CONFLICTING EVIDENCE.

 The question of jurisdiction of a crime cannot be raised on appeal where the evidence below as to the place of its commission was conflicting.

Appeal from Court of General Sessions, New York County.

Abram Lipp was convicted of larceny, and he appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Adolph H. Rosenfeld, for appellant.
Robert C. Taylor, for respondent.

PATTERSON, J. Repeated and careful readings of the record in this case satisfy us that the judgment against the defendant entered upon the verdict of the jury convicting him of the crime of grand larceny in the first degree, should not be allowed to stand. There are three counts in the indictment and the verdict was a general one. That indictment was based upon section 529 of the Penal Code, by which it is enacted that:

"A person who willfully, with intent to defraud, by color or aid of a check or draft, or order for the payment of money or the delivery of property, when such person knows that the drawer or maker thereof is not entitled to draw on the drawee for the sum specified therein, or to order the payment of the amount, or delivery of the property, although no express representation is made in reference thereto, obtains from another any money or property, is guilty of stealing the same and punishable accordingly."

There were certain undisputed facts made to appear at the trial. They are that the defendant on the 29th day of July, 1904, purchased certain jewelry at the office of one Lindenborn, at 170 Broadway in the county of New York, and that the amount of his purchase was about the sum of $2,700. The seller parted with the possession of the jewelry. Mr. Lindenborn was not present, but the transaction was had between one Price his clerk and the defendant. The latter giving in os-

tensible payment for the jewelry purchased, diamonds of the value of $929.20; two checks—one for $900, and the other for $955.20, and $2 in cash. Both checks were drawn upon a bank in Boston, Mass. The $900 check was paid on presentation. The check for $955.20 was dishonored. So far there is no dispute. The indictment was found and the prosecution conducted, upon the theory of criminal intent on the part of the defendant in procuring property, part consideration for the purchase price of which was a worthless and dishonored check; the defendant not having the money in bank to meet it when it was presented. The People's Case was made out principally by the testimony of one Sloman, who was a bookkeeper in the employ of Lindenborn. He testified that he was present at the transaction between Price and the defendant, and he heard conversation between those persons. He swears that he heard the defendant say that he had $2,200 in bank in Boston. thus representing that the checks were both good. The defendant's claim is that Price did not rely upon any representation; that none was made at the time the jewelry was purchased; and that Price agreed to hold the checks, and not at once forward them for collection. The learned recorder charged the jury in effect that it was immaterial whether representations were made or not, and left to them the determination simply of the question whether the defendant by the presentation of a written order for money, knowing that he had no right to present such an order, and that there was no money in bank wherewith to meet it, used it as a means of obtaining property with intent to deprive the owner thereof and if they so found he committed the crime of larceny.

Price, who represented Lindenborn in the transaction, was not called as a witness. It is true that Lindenborn swears that Price was in St. Louis; but he left for that place only a week before the date of the trial. Slowman does not testify that he heard all of the conversation between Price and the defendant, but he does swear that Price, at the request of the defendant, agreed to hold back one of the checks until the subsequent Monday. His explanation is that the defendant said he did not wish to reduce his balance in bank to less than a thousand dollars. That was, in effect, giving a credit for the amount of the check thus to be held back. The defendant claims that by reason of the forwarding of the check to the bank in Boston in violation of the agreement to hold it back, it was dishonored and he was prevented from making arrangements with the bank for its payment and he also says that a customer to whom he expected to sell the jewelry purchased of Price would not take it. It is manifest to us that the good faith of the prosecution of this defendant is seriously impeached by the record. When the check for $955.20 was returned to Price dishonored, he entered at once into negotiations with the defendant to secure its amount. From all that appears, Price made no claim of any felonious or fraudulent conduct on the part of the defendant in buying the merchandise. He went to Maine to negotiate with the defendant respecting a transfer of real estate, took a deed of that real estate to secure the indebtedness, and did so after conference with a lawyer in Maine concerning it. On August 11, 1904, Price wrote to the defendant as follows:

"Upon receipt from you of a settlement of your account, I will deed back to you the property which you have this day deeded to me or if I have disposed of same I will give you credit on account for such amount as I receive for the equity."

The whole matter was adjusted as an indebtedness before this indictment was found. It was treated by Price as a simple indebtedness and no suggestion that the transaction involved criminal responsibility was made. This aspect of the case was not put before the jury, as we think should have been done. In view of the circumstances, disclosed, we are of the opinion that the defendant was entitled to an instruction to the jury, which, was requested, but which the court refused to give, namely, that:

"The conduct of the defendant towards the complainant and his act immediately prior and subsequent to the transaction had on the 29th day of July, 1904, are circumstances which must be taken into consideration in determining the good faith of the defendant and his lack of criminal intent."

To refuse that instruction, we think, was error. It is contended on behalf of the appellant that the alleged larceny was not committed in the city of New York. The defendant testified that the goods were sent to him by express and delivered to him at Boston, and hence argue that if a crime were committed, it was at Boston, and not within the jurisdiction of the courts of this state; but Slowman testified that the jewelry was actually delivered to the appellant at Lindenborn's office in the city of New York. The question of jurisdiction cannot be raised on this conflicting evidence.

Other and by no means trivial grounds for setting aside this judgment are urged by the appellant, but we consider it unnecessary to pass upon them. Suffice it to say that under the circumstances of this case and its peculiar facts, we think the defendant should have a new trial in furtherance of justice.

Judgment reversed, and a new trial ordered. All concur.