■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARNOLD MILLER, Appellant.— *Per Curiam.* Appeal by defendant from a judgment of conviction of grand larceny in the first degree, after trial upon an indictment charging the same transaction in two counts; the first alleging larceny of $600 by false pretenses by means of a check in that amount, and the second charging common-law larceny of $600. A sentence to imprisonment for three to five years was imposed and execution thereof suspended. The record discloses no evidence whatsoever supportive of either charge. The subject of the charges was a check for $600 which was returned by the bank on which it was drawn, by reason of insufficient funds. Section 1292-a of the former Penal Law, so far as here pertinent, provided that a person who shall deliver such a check, with knowledge of the insufficiency of the funds against which it is drawn, " shall be guilty of a misdemeanor; and *if money or property is obtained* from another thereby is guilty of larceny and punishable accordingly." (Emphasis supplied.) The uncontradicted and unimpeached testimony of both the complainant and the defendant was that the check was given in payment of, or to evidence an indebtedness incurred long before; and thus it is clear beyond dispute that no money or property was obtained by the check. Appellant does not question the finding of intent implicit in the verdict, but correctly argues that, at most, defendant was guilty only of the misdemeanor of issuing a fraudulent check, in violation of section 1292-a. Judgment of conviction modified, on the law and the facts, so as to adjudge the defendant guilty of the misdemeanor of issuing a fraudulent check, in violation of section 1292-a of the former Penal Law; and so as to delete the last or decretal paragraph of said judgment and to provide in substitution therefor that defendant be sentenced to imprisonment in the county jail of Chenango County for a term of one year, that execution of said sentence be suspended and defendant be placed on probation; and that, as so modified, said judgment be affirmed. Settle order. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*