THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PAUL GASBARA, Appellant.

Third Department, September 15, 1983

APPEARANCES OF COUNSEL

*Donald J. Schwartz* for appellant.
*Colin E. Ingham, District Attorney,* for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Defendant contracted to sell a parcel of real property and received a $4,500 down payment from the purchasers. When the purchasers were unable to secure adequate financing, the parties agreed to terminate the contract and defendant agreed to return the down payment. In January, 1979, defendant gave the purchasers a promissory note in the amount of the down payment. The note was to mature on April 1, 1979. Defendant testified that, at the same time, he gave the purchasers a check for the amount of the down payment which was postdated April 1, 1979. The jury found, based upon the testimony of the purchasers, that defendant issued and delivered the check on April 1. In any event, the check was returned for insufficient funds. Defendant was found guilty of second degree larceny based upon this set of facts and has appealed from the judgment of conviction.

A person commits larceny when, with the intent to deprive another of property or to appropriate the same to

himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof (Penal Law, § 155.05, subd 1). One of the means by which larceny may be accomplished is the commission of the crime of issuing a bad check as defined in section 190.05 of the Penal Law (Penal Law, § 155.05, subd 2, par [c]). Defendant's primary argument is that issuing a bad check cannot be larceny where it is done to pay an outstanding debt. It is clear that under the former Penal Law larceny did not occur where a bad check was issued in payment for a pre-existing debt (*People v Miller*, 29 AD2d 921). In order to elevate the misdemeanor of issuing a bad check to felony larceny, the issuer had to obtain money or property in return (former Penal Law, § 1292-a). When the Penal Law was revised, the provision for larceny by issuing a bad check was moved from the former statute (former Penal Law, § 1292-a), which defined the crime of issuing a bad check, to the larceny article itself where it is listed as one of the means by which larceny can be committed. In making this revision, it appears that the Legislature intended no substantive change (Commission Staff Notes for proposed §§ 160.05 [renum § 155.05] and 195.05 [renum § 190.05], reprinted in 1982-1983 Gilbert Criminal Law and Procedure, pp 2A-71, 2A-85; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 155.05, pp 113-114). The People argue that, by issuing the bad check, defendant "withheld" $4,500 due and owing the purchasers.

However, it is apparent that defendant did not withhold anything. The purchasers gave up nothing of value and defendant received nothing of value. The issuance of a check for an underlying obligation does not, absent an agreement to the contrary, discharge the obligation, but only suspends it *pro tanto* until the instrument is presented; if the instrument is dishonored, an action may be maintained on the instrument or the obligation (Uniform Commercial Code, § 3-802, subd [1], par [b]; 43 NY Jur, Payment, § 42, pp 486-487). Thus, the situation between the parties remained the same after defendant issued the check, i.e., defendant remained indebted and the purchasers remained creditors. The debt also remained, as evi-

denced by the promissory note. We note that the former Penal Law also defined larceny to include the withholding of property (former Penal Law, § 1290). Even with this language it was held that issuance of a bad check in payment for an outstanding debt was not larceny. We decline to extend the scope of felony larceny to a transaction which has not been previously considered to be larceny and which is essentially a civil wrong which may be redressed in a civil action.

Having determined that the judgment should be reversed on the above-discussed ground, it is unnecessary to consider the other arguments advanced by defendant as grounds for reversal.

The judgment should be reversed, on the law, and the indictment dismissed.

KANE, J. (concurring). We agree there must be a reversal of the conviction in this case. However, we cannot adopt the legal conclusion set forth by the majority.

It is our view that reversal is mandated solely upon the ground that the record does not demonstrate the requisite proof that defendant intended to deprive the purchasers of the $4,500 which he owed them. In a larceny case, the prosecution's proof of intent is more burdensome than in most crimes. Where, as in this case, the circumstances surrounding the issuance of the check and the promise made at the time do not establish, beyond a reasonable doubt, that defendant intended to appropriate the proceeds of the down payment to himself, there is a failure of proof of an essential element of larceny (*People v Will*, 289 NY 413).

MAIN and CASEY, JJ., concur with MAHONEY, P. J.; SWEENEY and KANE, JJ., concur in a separate opinion by KANE, J.

Judgment reversed, on the law, and indictment dismissed.