■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE H. COLONEY, JR., Appellant. — Judgment unanimously affirmed. Memorandum: Defendant, an insurance agent, was convicted of five counts of grand larceny by false promise (Penal Law, § 155.05, subd 2, par [d]) based upon evidence that he fraudulently induced an insurance client and a family acquaintance to invest large sums of money in various commercial and real estate ventures. The evidence revealed that defendant knew at the time of each transaction that he could not deliver what he promised. "No other conclusion can be drawn from the record but that defendant plainly intended from the inception, and at every stage of his operation, to obtain the money of others by means of fraudulent devices and then appropriate that money to his own use" (*People v Luongo,* 47 NY2d 418, 430). The trial court properly permitted the People to introduce evidence of similar uncharged transactions between the defendant

and other insurance clients and associates because it was probative on the issue of defendant's intent and showed a common plan or scheme (see *People v Molineux,* 168 NY 264, 293; *People v Vincek,* 75 AD2d 412, 415; Richardson, Evidence [10th ed], §§ 172, 175). As the Court of Appeals has stated, the admission of evidence of similar crimes is "particularly appropriate" in cases of larceny by false promise (*People v Schwartzman,* 24 NY2d 241, 248). Moreover, the court correctly instructed the jury that these transactions were admissible only on the issue of defendant's intent. The evidence, when viewed in the light most favorable to the People, excluded to a moral certainty any implication that the defendant committed a mere civil wrong (*People v Luongo, supra,* pp 427, 428). The People established that the defendant used the moneys he bilked from his gullible and impressionable victims to pay obligations to other investors and to satisfy his large gambling debts. We have considered the other arguments raised by defendant which were preserved for our review and find them lacking in merit. (Appeal from judgment of Monroe County Court, Barr, J. — grand larceny, second degree.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.