■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HOWARD, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: Defendant was convicted after a nonjury trial of grand larceny in the third degree (Penal Law § 155.30 [1]). This conviction was premised on a larceny by false promise (Penal Law § 155.05 [2] [d]) which provides that the defendant's intention not to perform may not be established by or inferred from the fact alone that such promise was not performed. Further, a

finding of an intention not to perform may be based only upon evidence establishing that the facts and circumstances of the case are wholly inconsistent with innocent intent and exclude to a moral certainty every hypothesis except that defendant did not intend to perform (Penal law § 155.05 [2] [d]).

The evidence introduced at trial was insufficient to meet this high standard. Defendant agreed to sell his automobile to complainant for the sum of $600. Defendant promised to turn the car over to complainant the evening he received full payment, but failed to do so. Later that same evening, the vehicle was stolen and damaged. Upon recovery of the vehicle the next day, defendant advised complainant of the theft and the damage done to the car. Defendant offered to give the car to complainant, but this offer was rejected and complainant demanded her money back. From this evidence, the People have failed to establish to a moral certainty that defendant did not intend to complete the transaction (*People v Churchill*, 47 NY2d 151; *People v Ryan*, 41 NY2d 634). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—grand larceny, third degree.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.