■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE PATTERSON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered January 26, 1987, upon a verdict convicting defendant of the crime of grand larceny in the second degree.

Defendant ran a business known as "Patterson's Ag and Dairy Supply" in Otsego County from 1982 to September 1984. The business met with little economic success and, by April 1984, defendant had accumulated substantial debts. At that time, he entered into an agreement with a local farmer, Gerald Rowe, whereby Rowe prepaid defendant $7,750 for fertilizer which was to be delivered by the spring of 1985. In September 1984, defendant left the State, going first to Texas and later to several other southern States. When Rowe realized that his fertilizer was not going to be delivered, he filed a complaint with the State Police. Defendant was subsequently indicted for the crime of grand larceny in the second degree. The indictment charged that defendant had obtained the $7,750 from Rowe by means of a false promise. A jury found defendant guilty of the charged crime. He was sentenced to five years' probation and ordered to pay restitution. This appeal ensued.

Defendant contends that the evidence presented at trial was insufficient to convict him of larceny by false promise. The criminalization of a larceny committed by false promise is of recent vintage in this State and, in order to insure that

criminal activity is not confused with actions which merely constitute a breach of contract, a high standard of proof is required *(see, People v Churchill,* 47 NY2d 151; *People v Ryan,* 41 NY2d 634). Thus, the prosecution must prove to a moral certainty that the accused possessed the requisite criminal intent at the time the subject property was obtained (Penal Law § 155.05 [2] [d]). However, viewing the evidence in the light most favorable to the prosecution, as we must on an appeal from a jury verdict against a defendant *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we conclude that the evidence supports the conviction.

Rowe testified that defendant came to him in April 1984 and offered him the fertilizer deal. According to Rowe, defendant stated that the deal was through the Northern Fertilizer Company and that the money was going to be paid to that company. An officer of Northern Fertilizer, James Atkinson, testified that while the company made such prepayment agreements, it did not do so through defendant because of his poor credit rating. He further testified that when the company does enter into prepayment agreements, it does not do so until December. Atkinson testified that defendant never paid the $7,750 to Northern Fertilizer. Further, there was testimony that shortly after receiving the money from Rowe, defendant spent relatively large amounts of money. This testimony, which was credited by the jury, provided a sufficient quality and quantity of evidence to support the finding that defendant had the requisite criminal intent at the time he obtained the money from Rowe.

Defendant also contends that County Court committed reversible error in allowing evidence of some of his other business dealings and his bleak financial condition. This evidence, however, was relevant to the issue of intent in that it established that defendant neither possessed the financial ability to perform his obligation nor was he the novice businessman he purported to be *(cf., People v Churchill,* 47 NY2d 151, 158-159, *supra).* The court gave appropriate limiting instructions to the jury regarding this evidence. We find that the potential for undue prejudice did not outweigh the probative value of this evidence.

Finally, we have examined County Court's charge to the jury and find no reversible error.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.