■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOREN FERRY, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: On appeal from a judgment convicting him of seven counts of grand larceny in the third degree and one count of petit larceny, defendant contends that the evidence was legally insufficient to establish that he committed larceny by false promise. We agree. To support a conviction for larceny by false promise, the evidence must establish facts which are "wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]). As noted in *People v Ryan* (41 NY2d 634, 639), "[t]his special standard was not idly inserted" but was specifically designed to prevent criminal liability for conduct which constitutes mere breach of contract or nonperformance. The purpose of the statute is to cover promissory frauds but to limit its scope " 'in such fashion that the fraudulent character of a defendant's promise or intent must be so clearly evident as to render the existence of that element a moral certainty' " *(People v Ryan, supra,* at 640).

The evidence against defendant fell far short of that heightened standard. Defendant contacted Rochester merchants in the bridal business and sold them advertising space in a book for prospective brides. He entered into a written contract for ads with several merchants and promised that the book would be completed by January 1985. He left Rochester in November

1984 without having completed the book and the merchants did not hear from him again until January 1986 when he mailed each of them a copy of the book. In order to sustain the charges of larceny by false promise, the evidence would have had to establish to a moral certainty that, at the time he was soliciting the ads, he did not intend to keep his promise to publish the book. The proof was inconsistent with such intent in several respects. If he had intended to defraud these merchants, he could simply have solicited the ads, taken the money and left town. Instead, he hired an assistant, set up a telephone answering service and mail drop, opened a bank account, devised copy for the ads, and took ad copy to a local printer for typesetting. He paid the printer, paid his assistant, paid the telephone answering service and, although it was a year late, finally published the booklet. His former assistant testified that defendant instructed her not to sell the same ad position to two different customers and to be mindful of his representation that the ad for each type of merchandise would be exclusive. That conduct is inconsistent with an intent not to fulfill his agreement and thus the proof does not meet the level required for conviction of larceny by false promise. (Appeal from judgment of Monroe County Court, Connell, J.— grand larceny, third degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.