■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. REYNOLDS, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant appeals from his conviction, following a nonjury trial, on five counts of grand larceny in the second degree and five counts of issuing a bad check. These convictions arose out of a series of financial transactions by defendant between October 1983 and March 1985. Defendant's primary contention is that these convictions are not supported by legally sufficient evidence.

Viewing, as we must, the evidence in the light most favorable to the prosecution and granting it all reasonable inferences (People v Ford, 66 NY2d 428, 437), we find that defendant's conviction on a number of counts cannot be sustained. Defendant was convicted of issuing two bad checks in July 1984 to Lawrence Herbst. Because these checks were postdated, their issuance does not violate the statute (see, Penal Law §§ 190.05, 190.00; see also, People v Gerber, 115 Misc 2d 222, 225-228). Defendant was also convicted of issuing two bad checks to Bucher Drilling on March 1, 1985. At the time of issuance, it was understood by Bucher that the checks were not to be cashed until defendant called and advised that they

were good. This agreement negates the requisite intent element of this offense and turns the checks into mere promissory instruments *(see, People v Olans,* 264 NY 420). The conviction on the remaining bad check is supported by sufficient evidence.

Turning to the grand larceny counts, the People contend that the evidence is sufficient to sustain defendant's conviction based on either larceny by false pretense or by false promise. To prove larceny by false pretense, the People must show "defendant obtained title or possession of money or personal property of another by means of an intentional false statement concerning a material fact upon which the victim relied in parting with the property (see *People v Miller,* 169 NY 339, 351; LaFave & Scott, Criminal Law, § 90, pp 655-672)." *(People v Drake,* 61 NY2d 359, 362.) No false representations were made by defendant in obtaining moneys from Charles Kent, James McClure or Bucher Drilling. Further, though defendant misrepresented to Wayne Lundy the purpose for the loan, Lundy testified that he did not rely on that representation in loaning defendant the money. Additionally, after discovering that the loan was being used for a different purpose, Lundy reaffirmed the transaction. Larceny by false pretense thus cannot serve as a basis to sustain a conviction on these counts.

The evidence, however, is sufficient to sustain defendant's conviction of grand larceny by false pretense arising from his obtaining $15,000 from Lawrence Herbst in July 1984. Herbst testified that defendant advised him when he requested the loan that he needed the loan for only a short period and that a bank loan had already been approved to repay Herbst. Herbst told defendant that the company needed repayment by a specific date and received two postdated checks from defendant for repayment on that date. Herbst testified that when he gave defendant the loan, he relied on his statement that a bank loan had already been approved. No bank loan was ever approved; the checks bounced and no repayment was ever made. Defendant's version of events is that he indicated to Herbst that he was attempting to get a bank loan. Viewing the evidence in the light most favorable to the People and crediting Herbst's version of events, the evidence was sufficient to sustain this grand larceny conviction.

Next, to sustain a conviction on the remaining counts based on larceny by false promise, we must find that the evidence established "that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a

moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]). The purpose of the statute is to criminalize promissory frauds, but only when it is shown to a moral certainty that a defendant never intended to repay the funds received (see, People v Ryan, 41 NY2d 634, 639-640). Here, defendant's conviction on the remaining counts of grand larceny was the result of his obtaining $55,-000 from Wayne Lundy in April 1984, $5,000 from Charles Kent in January 1985, $30,000 from James McClure in October 1983, and $10,000 from Bucher Drilling in March 1985. We conclude that the evidence is insufficient to establish to a moral certainty that defendant had a criminal intent at the time he obtained the loans from McClure, Kent and Lundy. With regard to the McClure loan, defendant used the funds for the stated purpose, to wit: the expansion of his accounting business. Further, he made interest payments on the loan until he defaulted, kept a record of the loan and recorded it on McClure's estate summary. With regard to the Kent loan of $5,000, defendant repaid $2,000 and was using the money to support his faltering business ventures. Finally, as to the Lundy loan, defendant repaid over a period of time approximately $25,000 of the $55,000 borrowed. This conduct is inconsistent with proof to a moral certainty that defendant never intended to repay these loans.

However, we reach a different conclusion with regard to the loan defendant obtained from Bucher Drilling in March 1985. Defendant admits that, by that date, he was over $100,000 in debt and was using loan proceeds to pay off other loans. From October 1983 to March 1985 defendant had bounced approximately 109 checks. Additionally, there is no evidence that defendant used the Bucher loan for any business purpose. Defendant alleged that he intended to pay off his debts from the sale of his accounting practice; however, he acknowledged that the value of the business did not reasonably approximate that amount and, in fact, he sold it for $7,500 in March 1985. In March, shortly after he received that loan, defendant went bankrupt and in May 1985 moved to North Carolina. By March 1985 it was patently obvious that defendant's financial collapse was imminent and inevitable. Despite that fact defendant repeated his past practices by soliciting the Bucher loan. Those facts and the reasonable inferences which can be drawn therefrom establish to a moral certainty that defendant never intended to repay that loan, and his conviction therefore should be sustained (see, e.g., People v Luongo, 47 NY2d 418;

*People v Patterson,* 135 AD2d 883; *People v Coloney,* 98 AD2d 969). Accordingly, defendant's convictions under counts 1, 4, 5, 10, 13, 14, 18 and 19 of the indictment must be reversed, those counts of the indictment must be dismissed and the sentences imposed thereon vacated.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Cattaraugus County Court, Sprague, J.—grand larceny, second degree, and another charge.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.