■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CAMPOBELLO, Appellant.—Judgment unanimously modified on the law, in accordance with memorandum, and as modified affirmed. Memorandum: From our review of this record, we conclude that the evidence presented at the bench trial was insufficient to convict defendant of grand larceny in the third degree premised upon either a larceny by false promise (Penal Law § 155.05 [2] [d]) or a larceny by issuing a bad check (Penal Law § 155.05 [2] [c]). To ensure that criminal activity is not confused with actions which merely constitute a breach of contract, a larceny by false promise requires a higher standard of proof than beyond a reasonable doubt (see, People v Churchill, 47 NY2d 151, 157-158; People v Ryan, 41 NY2d 634, 639; People v Ferry, 142 AD2d 994, lv denied 73 NY2d 891; People v Patterson, 135 AD2d 883). The statute requires the People to prove to a moral certainty that, at the time of the promise, the defendant had no intention that it would be performed (see, Penal Law § 155.05 [2] [d]; People v Churchill, supra, at 158; People v Ferry, supra; People v Howard, 125 AD2d 986, 987).

The proof established that a fellow employee loaned defendant $5,000 to enable defendant to purchase an automobile and resell it for a profit which was to be split between them. There was no proof that defendant ever purchased or attempted to purchase the vehicle. Viewed in the light most

favorable to the People, the evidence was insufficient to prove to a moral certainty that at the time defendant borrowed the money, he had no intention of repaying it. Defendant's failure to perform is as consistent with commercial breach of contract as with criminal conduct *(see, People v Churchill, supra,* at 157; *People v Ferry, supra).*

The People's proof was likewise insufficient to establish defendant's guilt of larceny by issuance of a bad check. The bad check issued by defendant did not discharge his obligation to repay the money he had previously borrowed. Thus, the issuance of that check in payment of an outstanding debt was not larceny as it cannot be characterized as a wrongful taking or withholding of property *(People v Gasbara,* 95 AD2d 333). (Appeal from judgment of Erie County Court, D'Amico, J.—grand larceny, third degree, and other charges.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.