■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN FENNER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of grand larceny in the second degree by false promise (Penal Law § 155.05 [2] [d]; former § 155.35). He contends that the court improperly admitted evidence of a prior criminal act; that the evidence was insufficient to support his conviction; and that the court erred in refusing to instruct the jury that the People's proof was "equivocal". Defendant's contentions lack merit.

Evidence of defendant's prior crime was properly admitted to establish his larcenous intent in the charged incident *(People v Schwartzman,* 24 NY2d 241; *People v Dales,* 309 NY

97, 101). That evidence was "highly" and "directly" probative on the issue of defendant's intent *(see, People v Allweiss,* 48 NY2d 40, 47; *People v Vails,* 43 NY2d 364, 368), and the probative value of that evidence outweighed its tendency to show that defendant has a criminal disposition *(see, People v Crandall,* 67 NY2d 111; *see generally, People v Allweiss, supra).*

The evidence was sufficient to demonstrate defendant's larcenous intent and, in particular, satisfied the "moral certainty" standard of Penal Law § 155.05 (2) (d) *(see, People v Ryan,* 41 NY2d 634, 639-640). Defendant's intent was established by evidence that he made numerous false representations, that he gave worthless checks as security, that he failed to take meaningful steps to carry out his promises, and that he had perpetrated an almost identical scheme in the past.

We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—grand larceny, second degree.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.