■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD K. HAMILTON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction, following a jury trial, of three counts of grand larceny in the second degree, 16 counts of grand larceny in the third degree, and one count of scheme to defraud. The convictions arise from defendant's actions in conducting a so-called "investment club" whereby he induced co-workers to give him money in exchange for his promise that they would receive a substantial return on their investment. Defendant contends that the evidence presented at trial was legally insufficient to establish any larcenous intent and to convict him of larceny by false promise.

Larceny by false promise is governed by Penal Law § 155.05 (2) (d). The statute requires the People to prove to a moral certainty that, at the time of the promise, the defendant had no intention that it would be performed *(see, People v Churchill,* 47 NY2d 151, 158; *People v Campobello,* 154 AD2d 911; *People v Ferry,* 142 AD2d 994, *lv denied* 73 NY2d 891). "The purpose of the statute is to criminalize promissory frauds, but only when it is shown to a moral certainty that a defendant never intended to repay the funds received" *(People v Reynolds,* 147 AD2d 961, 963, *lv denied* 74 NY2d 746).

We find the evidence at trial established defendant's larcenous intent and supports his conviction for larceny by false promise. The evidence shows that defendant solicited and received money from many individuals; he was to deposit the money in a bank account and invest it in various schemes. The proof establishes that defendant never opened any account for investors, that he used the money to pay his personal debts, that the investment schemes were shams, and that, when the investors pressed him for the return of their money, he fled to California. These facts and the reasonable inferences which can be drawn therefrom established to a moral certainty that defendant never intended to repay the money given to him by the investors in his so-called "investment club" *(see, People v Luongo,* 47 NY2d 418; *People v Rolchigo,* 33 AD2d 1060, *affd* 28 NY2d 644; *People v Reynolds, supra; People v Patterson,* 135 AD2d 883; *People v Coloney,* 98 AD2d 969). (Appeal from judgment of Monroe County Court, Celli, J.—grand larceny, second degree, and other charges.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.