■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD F. CAMPOBELLO, Appellant.—Motion for reargument granted and on reargument, memorandum decision amended to read as follows: Memorandum: From our review of this record, we conclude that the evidence presented at the bench trial was insufficient to convict defendant of grand larceny in the third degree premised upon either a larceny by false

promise (Penal Law § 155.05 [2] [d]) or a larceny by issuing a bad check (Penal Law § 155.05 [2] [c]).

The proof established that a fellow employee loaned defendant $5,000 to enable defendant to purchase an automobile from an individual having financial difficulties and resell it for a profit which was to be split between them. There was no proof as to whether defendant ever purchased or attempted to purchase the vehicle. Viewing the evidence in the light most favorable to the People, the People failed to prove to a moral certainty that at the time defendant borrowed the money, he had no intention of repaying it. Defendant's failure to perform is as consonant with ordinary commercial breach of contract as with criminal conduct (see, People v Churchill, 47 NY2d 151, 157; People v Ferry, 142 AD2d 994, lv denied 73 NY2d 891).

The People's proof was likewise insufficient to establish defendant's guilt of larceny by issuance of a bad check. The bad check issued by defendant did not discharge his obligation to repay the money he had previously borrowed. Thus, the issuance of that check in payment of an outstanding debt was not larceny as it cannot be characterized as a wrongful taking or withholding of property (People v Gasbara, 95 AD2d 333). Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.