■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIMELECH SHIMONI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered November 18, 1986, convicting him of grand larceny in the second degree (two counts) and issuing a bad check, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that there was insufficient evidence to establish his guilt of larceny by issuing a bad check and larceny by false promise. We disagree.

The record reveals that on October 7, 1985, the complainant, a jeweler, gave to the defendant, who was also a jeweler, 36 carats of diamonds to see if they would meet his business needs. If the defendant found the diamonds to be to his satisfaction, they agreed that the defendant would pay the complainant approximately $12,000 in cash. On that same date, the defendant gave the complainant a check, postdated to October 8, 1985, in the amount of $5,300. The defendant explained that the check was intended as a sign of good faith and expressed a preference to ultimately pay in cash. On

October 16, 1985, the defendant again went to the complainant's place of business and explained to her that he needed a two-carat diamond for a customer. The complainant gave him a diamond priced at $5,600, "on a memorandum", meaning that the defendant would have enough time to show the diamond to the customer and if the latter did not buy it, it would be returned to the complainant. On October 24, 1985, at about 6:00 P.M., the defendant again went to the complainant's place of business and gave her a check for $6,777 representing the balance of the purchase price of the 36 carats of diamonds. The defendant promised to return the following day to "make good" both checks by paying cash. However, he did not return. Nor did he tender any type of payment for the two-carat diamond. Despite numerous telephone calls to the defendant and a visit to his residence, the diamonds were never returned, nor was the complainant paid. In addition, the record reveals that at the time of the issuance of the checks, the defendant's bank account had been closed for about two months, and for six months prior to its closure the account records reflect continuous overwithrawals of up to nearly $18,000 and ultimately a balance of zero. On presentation, the checks written by the defendant were dishonored. After his arrest, the defendant gave a written statement claiming that his financial difficulties were caused by "a loss out of town" and that he did not know that his bank account had been closed.

While we agree with the defendant's contention that a postdated check, standing alone, is not a "check" for the purpose of the offense of issuing a bad check (see, Penal Law § 190.00 [1]), in our view the issuance of the second check did fall within the purview of the presumptions set forth in Penal Law § 190.00.

There is no requirement under Penal Law § 190.00 of direct proof that a defendant know that his account has insufficient funds to cover a check. Since it is undisputed that the second check was written at a time when the account had insufficient funds to cover the check, the defendant is presumed to know of such insufficiency. While this presumption "is rebuttable and remains only so long as there is no substantial evidence to the contrary" (People v Will, 289 NY 413, 414), we find nothing in the record sufficient to rebut the presumption (see, People v Di Rose, 138 AD2d 854, 855). We also find no merit to the defendant's contention that neither check was intended to be presented for payment since the record shows that the defendant gave the checks as a sign of good faith, and, unlike

the cases referred to by the defendant *(see, People v Reynolds,* 147 AD2d 961; *People v Lipp,* 111 App Div 504), the complainant was never told not to deposit the checks because of insufficient funds in the defendant's bank account.

The record also establishes that the defendant was guilty of larceny by false promise with respect to the taking of the two-carat diamond *(see,* Penal Law § 155.05 [2] [c], [d]; *People v Churchill,* 47 NY2d 151, 158-159). He took the diamond on a "memorandum" purportedly to show to a customer. Yet he never returned the diamond or paid for it and was generally evasive regarding the complainant's inquiries as to whether he intended to make payment or return the diamond. Additionally, this second transaction occurred at a time when the defendant had already issued a bad check.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Thompson and Rubin, JJ., concur.