■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. ROGERS, Appellant. [596 NYS2d 267] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: We conclude that the evidence presented at trial was insufficient to sustain defendant's conviction of grand larceny in the fourth degree premised upon larceny by false promise (Penal Law § 155.05 [2] [d]). To establish a larceny by false promise, the People must prove to a moral certainty that defendant at the time of the promise had no intention that it would be performed (see, Penal Law § 155.05 [2] [d]; *People v Churchill*, 47 NY2d 151, 158; *People v Ferry*, 142 AD2d 994, *lv denied* 73 NY2d 891). That intention may not be inferred solely from the fact that the promise was not performed but must be based upon evidence establishing "that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]). Here the proof established that defendant entered into two contracts to build pole structures on the Horton and Mason properties in July 1989. It further showed that during the same period defendant entered into two contracts in Pennsylvania to build pole structures. Although defendant received deposits to build each of those structures, he never built them or refunded the down payments. The proof further showed, however, that defendant had previously constructed pole structures in New York and that he had a materials account at 84 Lumber where the deposits were placed. Additionally, when defendant was contacted by Mr. Horton regarding his failure to commence construction, defendant told him that he was having problems retaining employees and with employees' thefts and that he was having difficulties and delays on other jobs. That testimony was consistent with the testimony of defendant and his wife. Three of the contractees also testified that, when they entered into the contract, defendant indicated that he was seeking multiple

contracts to obtain a substantial price reduction on materials. Moreover, there is no evidence that defendant used the deposits for his personal debts *(cf., People v Hamilton,* 155 AD2d 978; *People v Coloney,* 98 AD2d 969), that he made himself unavailable to the complainants, that he absconded to another State or that he had engaged in similar transactions involving a common scheme without a business purpose *(cf., People v Twoguns,* 161 AD2d 1193, *lv denied* 76 NY2d 867; *People v Fenner,* 155 AD2d 946, *lv denied* 75 NY2d 770; *People v Hamilton, supra).* Because the record fails to establish to a moral certainty that defendant's failure to perform his contracts was the result of a fraudulent scheme rather than a lack of ability to manage his business, his conviction must be reversed and the indictment dismissed *(see, People v Churchill, supra; People v Campobello,* 154 AD2d 911). (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Grand Larceny, 4th Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.