▮▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAGGIE B. WILSON, Appellant. [607 NYS2d 817] —Judgment unanimously affirmed. Memorandum: Defendant was indicted on one count of grand larceny in the third degree (Penal Law § 155.35). At trial, the proof disclosed that defendant received $6,000 from a 94-year-old friend and neighbor to enable her to purchase a new automobile. The neighbor testified that defendant requested the $6,000 as a loan. It is undisputed that the neighbor wrote defendant a check for that amount. He testified that the next day, defendant requested that he write "gift" on the check, stating that her credit would suffer if her bank discovered the loan. The neighbor did so and prepared a repayment agreement for defendant to sign. Defendant never paid any part of the $6,000 nor did she sign the agreement. According to defendant, the word "gift" was on the check when the neighbor gave it to her and he told her repeatedly that there need be no repayment.

We reject the contention that there was insufficient evidence to support defendant's conviction of grand larceny in the third degree by false promise. Proof of intent in false promise cases is rarely direct and, therefore, must be inferred from all of the facts and circumstances *(People v Luongo,* 47 NY2d 418, 428; *People v Carey,* 103 AD2d 934). A conviction for larceny by false promise may not be based on nonperformance alone, but "only upon evidence establishing that the facts and circumstances of the case are * * * wholly inconsistent with innocent intent or belief, and exclud[e] to a moral certainty every hypothesis except that of defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]; *see, People v Churchill,* 47 NY2d 151; *People v Luongo, supra,* at 428; *People v Ryan,* 41 NY2d 634). Although defendant maintained the $6,000 was a gift, the jury chose to credit the neighbor's testimony. The proof that defendant intended to deprive her neighbor of his property flowed naturally and reasonably from the facts and circumstances and excluded to a moral certainty every hypothesis but that of defendant's guilty intent *(see, People v Luongo, supra,* at 427-430).

We also reject the contention that Supreme Court's instruction to the jury on intent shifted the burden of proof to defendant. Based upon the court's instruction, we conclude

that "the jury, hearing the whole charge, would have gathered from its language the correct rule to [be] applied in arriving at its verdict" *(People v Canty,* 60 NY2d 830, 832). (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Grand Larceny, 3rd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.