■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MCKIE, Appellant. [628 NYS2d 491] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered April 8, 1993, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Contrary to the People's contention, the issue of the legal sufficiency of the evidence has been preserved for appellate review, and we find that the evidence adduced at trial was insufficient to sustain the conviction (see, Penal Law § 155.05 [2] [d]; § 155.35).

The People contended that the defendant committed the crime of grand larceny in the third degree in that he obtained money from the complainants by his allegedly false promise that the money would be repaid from the revenue obtained from his restaurant business (see, Penal Law § 155.05 [2] [d]; § 155.35). However, the testimony adduced at trial reveals that the defendant truthfully disclosed to the complainants that the money was to be invested in the defendant's restaurant known as "Trade Winds", and the defendant stated that the money was in fact so invested. Moreover, the complainants executed a written agreement with "Trade Winds, Inc." in which it was stated that repayment was to be made to the complainants out of future profits derived from the restaurant. Neither the complainants' failure to investigate the defendant's books and records before they invested, nor the subsequent financial failure of the Trade Winds restaurant, constitutes evidence that the defendant deceived or otherwise defrauded the complainants.

Accordingly, the evidence adduced at trial did not establish that it was the defendant's intention or belief not to perform his investment or repayment promises to the complainants (see, Penal Law § 155.05 [2] [d]; see, People v Churchill, 47 NY2d 151; People v Campobello, 154 AD2d 911). Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.