██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY CHRYSLER, Appellant. [639 NYS2d 213] Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of grand larceny in the fourth degree, committed by issuing a bad check (*see*, Penal Law § 155.05 [2]; § 155.30 [1]). Defendant contends that the evidence is insufficient to establish larceny by bad check, and that County Court's instructions and supplemental instructions were inadequate.

We conclude that the evidence is sufficient to support the conviction (*see, People v Bleakley*, 69 NY2d 490, 495). The evidence establishes that defendant obtained delivery of building materials by giving the complainants a $2,000 check as a de-

posit. Defendant told the complainants that he "was a little short at the time", that they should "hold on to the check for a day or two", but that defendant was "going to go out and collect some monies that he had coming" and that the check would be good that day. On subsequent occasions, defendant advised the complainants to hold on to the check and not deposit it, as he still did not have sufficient funds to cover it. The complainants subsequently ascertained that defendant had written the check on a bank account that had been closed approximately $2^{1}/_{2}$ years earlier.

Criminal intent on the part of a drawer of a bad check may be negated by an understanding between a drawer and payee that a check is not to be cashed until the drawer advises the payee that the check is good (*see, People v Reynolds*, 147 AD2d 961, 961-962, *lv denied* 74 NY2d 746, citing *People v Olans*, 264 NY 420). Here, however, defendant's criminal intent is sufficiently established by proof that defendant wrote the check on a defunct account (*see, People v Shimoni*, 159 AD2d 659, *lv denied* 76 NY2d 796) and that he falsely asserted that the check could be cashed within a day or two. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Grand Larceny, 4th Degree.) Present—Denman, P. J., Pine, Wesley, Callahan and Boehm, JJ.