OPINION OF THE COURT
Peter E. Corning, J.
Defendant herein was indicted by the Cayuga County Grand Jury on May 2, 2001, and was charged with grand larceny in the fourth degree. Defendant has made a motion to dismiss the *204 indictment on the ground that the evidence presented to the Grand Jury was not sufficient to sustain the indictment against him.
It is alleged by the People that defendant committed grand larceny in the fourth degree by stealing equipment and labor through the use of a false promise. The People presented one witness to the Grand Jury, Mr. Donald TenEyck, who testified that defendant had come to his place of business, purchased a snow plow for his truck on credit, and failed to pay the bill until approximately 10 months later when he was arrested. Mr. TenEyck testified that defendant presented him with a purchase order from a business with which he was familiar at the time the plow was purchased. He further testified that, relying on his own knowledge of this business, Cayuga Glass Company, he sold the plow on credit and defendant was not required to pay this bill until 30 days after the plow was purchased. Last, he testified that, through his own investigation, he learned that there was no business incorporated with the State of New York under the name Cayuga Glass Company.
The theory presented by the People is essentially that defendant fraudulently obtained this plow through the use of a fraudulent invoice and false tax identification number. The only evidence presented to the Grand Jury on this issue was that of the victim. Therefore, based upon this claimed fraud, defendant was charged with grand larceny in the fourth degree.
The court has examined the evidence presented to the Grand Jury and it is my opinion that this evidence is not legally sufficient to sustain this indictment. In order to sustain a charge for grand larceny by false promise, “the evidence must establish facts which are ‘wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant’s intention or belief that the promise would not be performed.’ ” (People v Ferry, 142 AD2d 994 [4th Dept 1988], quoting Penal Law § 155.05 [2] [d].) Furthermore, nonperformance of a contractual obligation, under Penal Law § 155.05 (2) (d), does not give rise to an inference of intent not to perform. Penal Law § 155.05 (2) (d) “imposes a heavy burden and is designed to insure that the trier of fact does not attribute criminal liability to conduct which constitutes mere breach of contract or nonperformance.” (People v Smith, 161 AD2d 1160, 1161 [4th Dept 1990].)
In the instant matter, the only evidence presented to bolster the theory that this defendant had no intent to pay for this *205 equipment and labor was hearsay evidence by the victim that the tax identification number presented to him at the time of the sale was incorrect, and that no corporation by the name Cayuga Glass Company existed in the State of New York. The evidence that was not presented to the Grand Jury in this matter negates intent. Attached to defendant’s motion papers is a business certificate filed with the Cayuga County Clerk, showing that he was certified to do business as “Cayuga Plate Glass Co.” The purchase order No. 1065 is from “Cayuga Plate Glass Co.,” and the invoice from the victim is issued to “Cayuga Glass,” both with an address of 136 Garrow Street, Auburn, New York 13021. No corporate indicator is shown on either. It is obvious from these documents that defendant represented himself as being in business and ostensibly conducting a business transaction when purchasing this plow.
To sustain the charge, the People had to prove that defendant committed a fraud. To support this element, the People relied on hearsay, expert testimony from the victim. The victim is a lay individual and presumably without actual knowledge of the expert legal conclusions regarding business certificates, incorporation, and tax identification numbers, which the People relied on to establish their proof. Since the invoice which the People claim to be fraudulent does not set forth any indicia of incorporation, the People had an obligation to research the legality of their alleged proof, independent of the victim’s lay, hearsay conclusions. I do not view the accuracy or inaccuracy of a tax identification number as probative on the issue of intent to defraud.
Where, such as here, the only evidence which supports an element of the offense is inadmissible hearsay, the indictment must be dismissed for lack of sufficient evidence to support every element of the offense charged. (See People v Green, 189 AD2d 893 [2d Dept 1993].) The People presented no evidence of guilty intent, other than hearsay statements by the victim. Therefore, every element of the offense has not been established, and this indictment must be dismissed.
Accordingly, based upon the foregoing, it is hereby ordered that the indictment charging defendant with grand larceny in the fourth degree is hereby dismissed in its entirety.