Appeal from a judgment of Monroe County Court (Bellini, J.), entered November 5, 2000, convicting defendant after a jury trial of, inter alia, grand larceny in the third degree (three counts).
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum; Defendant appeals from a judgment convicting her after a jury trial of three counts of grand larceny in the third degree (Penal Law § 155.35) and one count of scheme to defraud in the first degree (§ 190.65 [1] [b]) premised on false promise (§ 155.05 [2] [d]). Defendant was a director, board member, and secretary of New York Amazons corporation (Amazons) and was a signatory on the corporate bank account. *1027 The Amazons purported to be a premier high school-aged girls’ basketball program with additional educational and community service benefits. Program participants, however, alleged that defendant and codefendant Ivette Ganatsios were running a fraudulent enterprise because they collected fees but failed to deliver on the promises made with respect to the program.
Contrary to the contention of defendant, we conclude that “the inference of wrongful intent logically flowed from the proven facts” and that there was a valid line of reasoning that could lead a rational trier of fact, viewing the evidence in the light most favorable to the People, to conclude that defendant committed the crimes charged (People v Norman, 85 NY2d 609, 620 [1995]; see People v Bastian, 294 AD2d 882, 883 [2002], lv denied 98 NY2d 694 [2002]). Although defendant contends that the evidence does not establish that she made any promises or representations to any of the complainants or that she stole money from the complainants or exercised dominion and control over their money, a rational trier of fact could conclude based on her conduct, as testified to by numerous witnesses, that defendant was liable as an accessory for the crimes (see People v Rossey, 89 NY2d 970, 972 [1997]; People v Allah, 71 NY2d 830, 832 [1988]; People v Valderrama, 285 AD2d 902, 903 [2001], lv denied 97 NY2d 659 [2001]; People v Davis, 260 AD2d 726, 729 [1999], lv denied 93 NY2d 968 [1999]). We see no basis to disturb the jury’s resolution of credibility issues (see generally People v Van Stuyvesant, 297 AD2d 559 [2002], lv denied 99 NY2d 586 [2003]), or determination of defendant’s criminal intent. “Proof of intent in false promise cases is rarely direct and, therefore, must be inferred from all of the facts and circumstances” (People v Ruscito, 206 AD2d 841, 841-842 [1994], lv denied 84 NY2d 872 [1994], citing People v Luongo, 47 NY2d 418, 428 [1979]; see People v Wilson, 201 AD2d 944 [1994], lv denied 83 NY2d 878 [1994]). Here, there is ample evidence from which the jury could reasonably infer defendant’s intent to defraud the Amazon program participants at the time of the transactions (see People v Laws, 271 AD2d 380 [2000]; People v Coloney, 98 AD2d 969 [1983]).
We also reject defendant’s contention that the evidence establishes that each of the grand larceny complainants received something of value for the money that they paid, and thus the transactions at issue constitute instances of civil wrong only (see generally People v Ryan, 41 NY2d 634, 639-640 [1977]). The jury could rationally conclude from the testimony of the complainants that they did not receive anything of value in consideration of the money that they paid. Moreover, the evi *1028 dence that defendant participated in a common scheme to defraud program participants and used Amazon funds to pay personal debts takes this case out of the realm of mere civil wrongs (see People v Hamilton, 155 AD2d 978, 979 [1989]; Coloney, 98 AD2d 969 [1983]; cf. People v Brigham, 261 AD2d 43, 51 [1999], appeal dismissed 94 NY2d 900 [2000]; People v Rogers, 192 AD2d 1092, 1093 [1993]).
Defendant failed to preserve for our review her contention that the verdict finding her guilty of grand larceny and scheme to defraud but acquitting her of two counts of petit larceny is repugnant (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Grice, 300 AD2d 1005, 1006 [2002], lv denied 99 NY2d 654 [2003]). In any event, because the crimes charged involved separate transactions, acquittal on the petit larceny charges does not necessarily negate any element of the grand larceny charges (see People v Torrence, 305 AD2d 1042, 1044 [2003]). To the extent that defendant contends that her conviction of scheme to defraud is inconsistent with her acquittals on the petit larceny charges because the count of the indictment charging scheme to defraud named five sets of complainants and the People failed to prove the two petit larcenies implicit therein, we note that the People were under no burden to prove the scheme to defraud with respect to each complainant named in the indictment (see People v Charles, 61 NY2d 321, 326-327 [1984]; People v Rooney, 57 NY2d 822, 823 [1982]; see also Penal Law § 190.65 [1] [b]; [2]). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.