■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN DICKERSON, Appellant.—Judgment unanimously modified on the law by reversing defendant's conviction of assault in the second degree and granting a new trial thereon and as modified affirmed. Memorandum: The court erred in refusing to charge assault in the third degree as a lesser included offense of assault in the second degree. Because the court charged, with respect to assault in the second degree (Penal Law § 120.05 [2]), that whether the baseball bat was a dangerous instrument was a factual issue for the jury to determine, the court necessarily concluded that there was a reasonable view of the evidence that it was not. A new trial is required *(see, People v Green,* 56 NY2d 427, 435, *rearg denied* 57 NY2d 775).

We note that the court also erred in finding that the People established probable cause for defendant's arrest. Defendant was taken into custody on the night of the alleged incident on the basis of a description, transmitted by radio, and information supplied by an anonymous citizen. The proof adduced at the suppression hearing does not show that the arresting officer possessed sufficient information to believe reasonably that defendant had committed a crime *(see, People v Dodt,* 61 NY2d 408, 415-416). We find, however, that this error was harmless because the police had ample basis to stop defendant and to transport him to the showup immediately thereafter *(see, People v Hicks,* 68 NY2d 234). Suppression of the showup identification is not required.

Defendant was arrested again without a warrant on July 5, 1985, after a police investigation into the incident. Defendant's contention that this second arrest was illegal because it was accomplished without consent to enter his dwelling was not raised in his motion papers, and it is not preserved for review *(People v Gonzalez,* 55 NY2d 887, 888; *People v Martin,* 50 NY2d 1029, 1031; *People v Cooke,* 93 AD2d 986). The statement taken at the time of this arrest was not acquired in violation of defendant's right to counsel because the criminal

action had not yet been commenced by the filing of the felony complaint *(People v Lane,* 64 NY2d 1047, 1048). (Appeal from judgment of Supreme Court, Monroe County, Mark, J., at trial; Willis, J., on suppression hearings—assault, second degree; criminal mischief, fourth degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.