OPINION OF THE COURT
 

 Bellacosa, J.
 

 This appeal stems from defendant’s conviction for attempted rape and sexual abuse, each in the first degree. Defendant raises three issues: (1) the trial court’s denial of his lawyer’s challenge for cause of a potential juror, a New York State legislator; (2) a jury instruction defining attempt as a “substantial step” toward the completion of the crime (rather than specifying that the act come “dangerously close” to
 
 *265
 
 completion of the crime); and (3) the appealability, as part of the judgment of conviction, of his certification as a “sex offender.” The last issue presents a plausible and ultimately persuasive claim to appellate review that requires modification of the order appealed to us, and remittal to the Appellate Division. Defendant’s first two arguments are without merit.
 

 The conviction in this case resulted from an incident that occurred in February 1995. Defendant accosted a woman outside her home, told her that he wanted to “make love” to her, that he would kill her if she made a noise, and then choked her when she cried out. The victim feigned unconsciousness as defendant dragged her toward the basement of her apartment building. He touched her vaginal area through the outside of her clothing. At the door to the basement, the victim broke free, ran to and was admitted into a neighbor’s apartment. The neighbor called the police, who arrived and transported the victim and her husband to the hospital. Meanwhile, defendant was discovered hiding in bushes near the apartment building when police officers canvassed the area. After returning to her apartment from the hospital, the victim was able to identify defendant, who was still held at the scene. Defendant was indicted for attempted rape and sexual abuse, both in the first degree.
 

 At jury selection, defendant asserted a challenge for cause. The prospective juror, a State legislator, answered various questions about his views and position on crime and whether his vote, if he were a juror in the case, might become a political liability. The court denied the challenge, and a defense peremptory challenge ultimately removed the legislator from the case as a possible juror.
 

 At the jury instruction phase of the trial, the court read the attempt instruction from the version of the Criminal Jury Instructions Manual in effect at the time:
 

 “Such conduct does not have to be the last act necessary to effect the commission of the rape but must be conduct which constitutes a substantial step towards the commission of the rape. The required conduct must be related to and directed toward the accomplishment of the rape, conduct which goes beyond mere preparation and planning, conduct so related to the commission of the rape that in all reasonable probability the rape would have been committed but for some interference or intervention”
 
 (see,
 
 2 CJI[NY] PL 110.00, at 46-50).
 

 Defendant objected on the ground that the court should not
 
 *266
 
 have stated that “attempt” would be fulfilled by a “substantial step” toward the rape, but rather that conduct “dangerously close” to completed rape should have been the standard.
 

 The jury rendered a guilty verdict, and sentencing occurred on April 1, 1996. The court’s sentence was comprised of five elements: (1) time to be served; (2) a surcharge and crime victim assistance fee on the attempted rape count; (3) a permanent order of protection for the victim; (4) certification that defendant was a sex offender pursuant to Correction Law article 6-C, the Sex Offender Registration Act (SORA, commonly known as “Megan’s Law”); and (5) a finding of no restitution.
 

 At sentencing, defendant raised an ex post facto objection to the SORA certification, claiming that the crime was committed prior to the enactment of the SORA in January 1996. At the close of the sentencing proceeding, the clerk advised defendant, “you have the right to appeal from this sentence and these proceedings.”
 

 At the Appellate Division, defendant raised the same three points he now asserts before this Court. In affirming the judgment of conviction, the Appellate Division did not directly address defendant’s jury selection and instruction arguments (250 AD2d 704). It also avoided the merits of the SORA ex post facto claim. Instead, merely citing
 
 People v Stevens
 
 (91 NY2d 270), that court held the SORA certification not reviewable on direct appeal from the judgment. A Judge of this Court granted leave to appeal from the Appellate Division order.
 

 I.
 

 Defendant urges that his certification as a sex offender should be appealable as part of a direct appeal from the judgment of conviction. The remedy he seeks, if entitled to this appellate step, is remittal to the Appellate Division for consideration of the constitutional objection to SORA.
 

 The term “certification” appears only in Correction Law § 168-d (1), which addresses the “duties of the court,” as follows:
 

 “Upon conviction the court shall certify that the person is a sex offender and shall include the certification in the order of commitment. The court shall also advise the sex offender of the duties of this article.”
 

 There is no other mention of the term “certification” in Correction Law article 6-C, and the word is not defined in the statute
 
 (see,
 
 Correction Law § 168-a). The topic generally does not ap
 
 *267
 
 pear as the subject of remarks in the Bill Jacket, commentary or legal articles, which tend to focus on the registration and notification elements that must be “determined” under SORA
 
 (see generally,
 
 Bill Jacket, L 1995, ch 192; Bonacquist, Practice Commentaries, McKinney’s Cons Laws of NY, Book 10B, Correction Law art 6-C, 1999 Cum Pocket Part, at 85-86;
 
 see also,
 
 Note,
 
 The Fate of “Megan’s Law” in New York,
 
 18 Cardozo L Rev 181 [1996]). One New York State case addresses “certification” in a different procedural context
 
 (People v Griffin,
 
 171 Misc 2d 145 [Sup Ct, NY County 1996]). The precedents of this Court have not reviewed “certification”, but, rather, narrowly address the subsequent phase of “risk level determination”
 
 (see, People v Stevens,
 
 91 NY2d 270,
 
 supra).
 
 We, therefore, consider the issue now urged on a virtual
 
 tabula rasa.
 
 It is a matter of first impression that must, nevertheless, be fitted into the multifaceted legislative plan and into
 
 Stevens.
 

 What we do know from the plain language of SORA is that (1) the court
 
 shall certify
 
 that the person is a sex offender
 
 upon conviction,
 
 and (2) the
 
 certification shall
 
 be included in the
 
 order of commitment (see,
 
 Correction Law § 168-d). The answer to the question before us is less plain. We are ultimately persuaded, however, that “certification” is appealable and reviewable as part of the judgment of conviction.
 

 A. Certification Upon Conviction
 

 “A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence” (CPL 1.20 [15]). “ ‘Conviction’ means the entry of a plea of guilty to, or a verdict of guilty” (CPL 1.20 [13]). “ ‘Sentence’ means the imposition and entry of sentence upon a conviction” (CPL 1.20 [14]). A defendant may appeal to an intermediate appellate court “as of right” from a judgment (CPL 450.10). These standard, elementary principles lay the groundwork for the new appellate wrinkle presented by this case.
 

 Here, defendant’s certification
 
 was
 
 unmistakably part of the court’s final adjudication with respect to defendant’s crimes
 
 (see, People v Lyday,
 
 241 AD2d 950). The certification was rendered in open court, together with other elements of disposition — the surcharge assessment, the order of protection and restitution determinations. They formed an integral part of the conviction and sentencing. The defendant was even advised by the court clerk that he had the right to appeal from the entire proceedings. While that statement and all-inclusive characterization cannot create rights or make procedural law, and is not
 
 *268
 
 ipso facto dispositive of the issue, it helpfully demonstrates that the “certification” was treated and deemed by the court as part of the plenary adjudication of defendant’s conviction and sentence. It summed up the adjudication in the whole and set the stage for a next act.
 

 An examination of this Court’s treatment of the other elements of defendant’s adjudication also provides useful guidance for determining whether defendant’s “certification” should be deemed appealable as part of the judgment. In particular, the statutory mandatory surcharge provision is procedurally parallel to SORA’s certification provision. The surcharge section provides that “there
 
 shall
 
 be levied
 
 at sentencing
 
 a mandatory surcharge and a crime victim assistance fee
 
 in addition to any sentence
 
 required or permitted by law” (Penal Law § 60.35 [1] [emphasis added]). As with the SORA provision, the duties of the court are prescribed in mandatory form. The mandatory surcharge is levied at sentencing. The mandatory SORA certification is effected by operation of law upon conviction and is pronounced at sentence. Since both conviction and sentencing are definitionally part of the judgment, the appealabilityreviewability of the SORA certification should enjoy equivalent treatment to the surcharge component. This Court has itself previously reviewed a constitutional challenge to the application of the mandatory surcharge imposed pursuant to Penal Law § 60.35
 
 (see, People v Barnes,
 
 62 NY2d 702;
 
 see also, People v Consalvo,
 
 89 NY2d 140 [reviewing an order of restitution imposed pursuant to Penal Law § 60.27]).
 

 The People, on the other hand, characterize SORA certification as a nonsentence consequence of the conviction, a feature they also refer to as merely regulatory. The People additionally urge that appellate review of the dispositions prescribed under the Penal Law is distinguishable from what occurred here. This argument is unavailing because that formalistic regimentation would categorically preclude authorization for appellate review of SORA certifications merely as a result of their being prescribed within the Correction Law. We conclude that these positions and the reasons urged for them are not supportable in these circumstances.
 

 Even assuming that SORA certifications were deemed not a part of the
 
 sentence,
 
 we are satisfied that they are certainly part of the
 
 judgment.
 
 The mere fact that a component of the judgment traces its source to the Correction Law, rather than customarily to the Penal Law, cannot deprive the certification component of its “judgment” quality
 
 (compare,
 
 Vehicle and
 
 *269
 
 Traffic Law § 1193 [2] [authorizing “license sanctions”]). We know a judgment, by its terms, is appealable (CPL 450.10), and that adds cogency to our resolution of this issue in appellant’s favor. Assuming further, without deciding, that the goals of article 6-C are merely regulatory, this classification should not divest an aggrieved defendant of some legislatively authorized appellate review.
 

 Thus, the People’s opposition to defendant’s claim in this regard does not withstand scrutiny. Otherwise, absurd and inconsistent procedural anomalies could be engendered and envisioned. Furthermore, the People’s approach would exert an elemental unfairness by depriving defendants, who are certified in these circumstances, of entitlement to even one level of appellate review for constitutional, substantive or procedural irregularities or illegalities in that aspect of the case.
 

 B. Inclusion in the Order of Commitment
 

 “Customarily, where a term of imprisonment is imposed, an
 

 order of commitment will be issued” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 380.60, at 209). “[A]
 
 certificate of conviction
 
 showing the sentence pronounced by the court, or a certified copy thereof, constitutes the authority for execution of the sentence and
 
 serves as the order of commitment”
 
 (CPL 380.60 [emphasis added]).
 

 Pursuant to SORA, a defendant’s “certification” must be included in the order of commitment. The relevant consequence of this requirement is that, pursuant to the statutory definition of the order of commitment, the SORA “certification” must be included in the certificate of conviction. By making the SORA certification an inescapable part of the conviction, the Legislature may be deemed to have intended that “certification” be appealable at least in these narrow circumstances, since it is definitionally incorporated within the judgment itself.
 

 Furthermore, CPL 380.60, which authorizes commitment upon a “certificate of conviction,” is derived from former Code of Criminal Procedure § 486. The former section instructively and pertinently provided that the authority for execution of a sentence was a certified copy of the entry of the judgment; i.e., a “certificate of
 
 judgment” (see,
 
 Preiser, Practice Commentaries,
 
 op. cit.,
 
 at 209).
 

 C. Distinguishment of
 
 People v Stevens
 

 The Appellate Division ruling on this SORA issue rests on an inapt extension of
 
 People v Stevens
 
 (91 NY2d 270,
 
 supra).
 
 
 *270
 
 The narrow holding of that precedent is manifestly distinguishable from the instant question.
 
 Stevens
 
 was actually two jointly resolved appeals, both of which involved defendants convicted of sex crimes and imprisoned long before the enactment of SORA. Their respective releases from prison occurred after the enactment of SORA, and risk level determinations were assigned to them upon release. Unlike defendant in the instant case, the
 
 Stevens
 
 defendants were never “certified” by the court “upon conviction” — a temporal impossibility there.
 

 Stevens
 
 deemed a risk level determination to be “postsentence,” rather than a resentence or amended sentence. Risk level determinations thus fell into an appellate void, which the Court eschewed filling in the absence of any legislative prescription and authorization
 
 (see, id.,
 
 at 279).
 
 Stevens
 
 summarized that “the adjudicatory power of the criminal court ended with the imposition of a sentence of imprisonment,” such that the “risk level determinations are a consequence of convictions for sex offenses, but are not a part of the criminal action or its final adjudication”
 
 (id.,
 
 at 277).
 

 Today’s decision and case differ markedly from
 
 Stevens,
 
 and, in a sense, today's holding should be viewed as a building block on
 
 Stevens. Stevens
 
 carefully distinguished between the risk level determination stage, which was “not a traditional, technical or integral part of a sentence that somehow relates back to or becomes incorporated into the antecedent judgment of conviction”, and a judgment, which melds a conviction with its sentence
 
 (People v Stevens, supra,
 
 at 276;
 
 see,
 
 CPL 1.20 [15]). Unlike the belated risk level determination in
 
 Stevens,
 
 defendant’s SORA “certification” here was actually and temporally part of the judgment of conviction.
 

 This distinction is key. It allows us to credit the “procedural configuration” of the case for purposes of qualifying this feature of the case for appellate review. It also, frankly, points to a discrete procedural anomaly and potential complication. It is possible that a “risk level determination” may actually be made at the time of a sentencing, simultaneously with “certification”
 
 (see,
 
 Correction Law § 168-d [2], [3];
 
 People v Kearns,
 
 253 AD2d 768 [2d Dept],
 
 lv denied
 
 92 NY2d 1034). The People toss this proverbial wrench onto our modest appellate track for this case. They argue that if the Court deems “certification” reviewable on appeal because it was made at the time of sentencing, then a risk level determination made at the same time would have to be similarly reviewable — a clash with the underpinnings of the
 
 Stevens
 
 analysis. Thus, the People argue, a simul
 
 *271
 
 taneous risk level determination might be deemed reviewable, while one made at a date subsequent to sentence, such as upon a defendant’s release from prison, would not be reviewable under
 
 Stevens.
 
 While this is a real conundrum, it does not derail our holding.
 

 We come to the conclusion that the arguable lack of symmetry merely reemphasizes the need for plenary legislative consideration of the appellate review possibilities of all these intricate procedural tracks and timetables. SORA itself appears to distinguish between risk level determinations made at the time of sentencing and those made upon release from incarceration. Thus, SORA itself could be interpreted as forging a divide in procedural treatment between defendants who will be incarcerated and those who will not
 
 (see, People v Brown,
 
 174 Misc 2d 941, 943 [Sup Ct, Bronx County 1997] [“in a nonincarceratory sentence, there is little need for the Board’s recommendation”];
 
 Doe v Pataki,
 
 120 F3d 1263, 1268 [2d Cir 1997],
 
 cert denied
 
 522 US 1122 [“For all sex offenders sentenced or released from a state correctional facility or mental institution * * * the court cannot make (the risk level) determination until it has received from the Board a recommendation”]).
 

 In light of this apparent procedural distinction, SORA could also be read to indicate that those who will not be incarcerated are not “certified.” The only mention of “certification” appears in conjunction with the requirement that it be included in the order of commitment. Thus, it may be that an order of commitment and, therefore, “certification” is unnecessary in the case of a defendant who will not be incarcerated.
 

 We point to this illustration to indicate only that it may well be possible that the application of SORA to one defendant may be appealable, while application to another defendant may not. We need not neatly button up all these variations. Since it is clear that the defendant in this case was sentenced to incarceration and was certified as a sex offender by the sentencing court as part of the final judgment, we need decide only that set of circumstances, and, as to others, we simply call attention to the potential permutations.
 

 A modification of the order of the Appellate Division is thus required, and a remittal to that court will allow for first-time appellate consideration of the ex post facto issue.
 

 II.
 

 The trial court did not err in denying the challenge for cause of the potential juror, who happened to be a legislator.
 
 *272
 
 The theory of defendant’s argument would create a functionally per se disqualification for elected officials, despite recent legislation that specifically repealed these categorical exemptions from jury service (see, Mem of Off of Ct Admin, 1995 McKinney’s Session Laws of NY, at 2725). In any event, nothing in the record demonstrates that the trial court erred as a matter of law or otherwise abused its sound discretion in denying the “for cause” challenge.
 

 III.
 

 Also unavailing is defendant’s argument that the trial court’s jury instruction on the definition of “attempt” constituted reversible error. The jury instructions, taken in their entirety, correctly conveyed the substance and gist of the
 
 Rizzo
 
 standards and guidelines
 
 (People v Rizzo,
 
 246 NY 334) and of the current Criminal Jury Instructions (CJI[NY] 2d PL 110.00, at 1001-1003).
 

 Rizzo
 
 cautioned that an “attempt” must be determined by a case-by-case application of the facts under the pertinent legal specifications (see,
 
 People v Rizzo, supra,
 
 at 337-338;
 
 see also, People v Acosta,
 
 80 NY2d 665, 670-671;
 
 People v Mahboubian,
 
 74 NY2d 174, 191). Here, defendant’s only exception to the instruction was that the descriptive phrase “substantial step” was used, rather than “dangerously close” to the commission of the crime.' The lone use of the now-supplanted and disfavored phrase “substantial step,” in the context of the facts of this case and the entirety of the jury instructions rendered, did not effect a cognizable legal error, warranting a new trial remedy.
 

 Accordingly, the order of the Appellate Division should be modified and the case remitted to that court for further proceedings in accordance with this opinion, and, as modified, the order should otherwise be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
 

 Order modified by remitting to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.