■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SLATER, Appellant. [705 NYS2d 777] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on counts one and eight of the indictment in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of, *inter alia,* attempted murder in the second degree (Penal Law §§ 110.00, 125.25), kidnapping in the second degree (Penal Law § 135.20), unlawful imprisonment in the first degree (Penal Law § 135.10) and reckless endangerment in the first degree (Penal Law § 120.25). The attempted murder and reckless endangerment charges were both based upon defendant having attempted to run over the victim with his automobile. We agree with defendant that the finding that he committed attempted murder in the second degree is inconsistent with the finding that he committed reckless endangerment in the first degree. Defendant could not intend to kill the victim by attempting to run over her with his automobile, and, at the same time, recklessly create a grave risk of the victim's death by the same act (*see, People v Gallagher,* 69 NY2d 525, 529; *see also, People v Trappier,* 87 NY2d 55, 59; *People v Albritton,* 217 AD2d 553). Consequently, the conviction of attempted murder in the second degree and reckless endangerment in the first degree must be reversed, the sentences imposed thereon vacated and a new trial granted on those counts of the indictment, at which County Court should submit the charges to the jury in the alternative (*see, People v Gallagher, supra,* at 530).

Defendant failed to preserve for our review his present

contention that the conviction of unlawful imprisonment in the first degree must be reversed and that count dismissed because it is an inclusory concurrent count of kidnapping in the second degree (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Although the court's instructions to the jury concerning attempt contained the "now-supplanted and disfavored phrase 'substantial step'" (*People v Hernandez,* 93 NY2d 261, 272) rather than the now-accepted phrase "dangerously near" (*see, People v Acosta,* 80 NY2d 665, 670-671), the charge, as a whole, adequately conveyed the proper legal standard to the jury (*see; People v Hernandez, supra,* at 272). We urge Trial Judges, however, to use the language set forth in the current Criminal Jury Instructions (*see,* CJI[NY] PL 110.00, at 110-1001—110-1003 [2d]).

The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We have examined the remaining contentions raised in defense counsel's brief as well as in defendant's *pro se* supplemental brief, and conclude that they lack merit. We modify the judgment, therefore, by reversing the conviction under counts one and eight of the indictment and vacating the sentences imposed thereon, and we grant a new trial on those counts. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Attempted Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.