OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was charged with two counts of rape in the first degree and seven counts of sexual abuse in the first degree, committed in August 1995. He pleaded guilty to one count of sexual abuse in the first degree in satisfaction of the indictment. At the plea hearing, defendant executed a written waiver of his right to appeal.
 

 Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C) to determine defendant’s risk level classification. Over defense counsel’s objection, the court determined defendant to be a sexually violent predator. Immediately following the risk level determination, the court imposed the negotiated recommended prison sentence, assessed a mandatory surcharge and crime victim assistance fee, and issued an order of protection shielding the victim from future contact by defendant.
 

 The Appellate Division unanimously affirmed the judgment of conviction and sentence. It added that “the sentencing court’s assessment of the defendant as a ‘sexually violent predator’ under [SORA] is not reviewable”
 
 (People v Kearns,
 
 253 AD2d 768). A Judge of this Court granted defendant leave to appeal
 
 (People v Kearns,
 
 93 NY2d 973). We conclude that this risk level determination is not independently appealable from the criminal judgment of conviction.
 

 In
 
 People v Stevens
 
 (91 NY2d 270), we upheld the Appellate Division’s dismissal of appeals from risk level determinations under SORA when the determinations were made after the
 
 *818
 
 defendants were released from incarceration. The Court concluded that SORA’s registration and notification requirements were not. a “traditional, technical or integral part of a sentence that somehow relates back to or becomes incorporated into the antecedent judgment of conviction”
 
 (id.,
 
 at 276). In the absence of pertinent Criminal Procedure Law appeal authorization, the Court concluded that no appeal was available for a risk level assessment within the criminal proceeding
 
 (id.,
 
 at 277). Here, the fact that the evaluation was made contemporaneously with the criminal judgment does not change the analysis, the governing principle, or the essential nature of the risk level determination.
 

 Nor does
 
 People v Hernandez
 
 (93 NY2d 261) alter our analysis or result. In
 
 Hernandez,
 
 the Court addressed whether a sentencing court’s
 
 certification
 
 of defendant as a sex offender pursuant to Correction Law § 168-d was part of the judgment of conviction and, thus, reviewable
 
 (id.,
 
 at 270). We held that
 
 certification
 
 was “actually and temporally” part of the judgment of conviction, “[u]nlike the belated risk level determination in
 
 Stevens” (id.).
 
 The Court also deemed the
 
 certification,
 
 along with other elements of disposition, an integral part of the conviction and sentence
 
 (id.,
 
 at 267-268). The Court then weighed the additional distinguishing feature that, pursuant to SORA, that kind of
 
 certification
 
 must be made part of the order of commitment which is then incorporated into the certificate of conviction
 
 (id..,
 
 at 269). These distinctive factors are not present in the rendition of the risk level determinations, such as the one at issue here. We conclude, therefore, that no appeal from the risk level determination lies.
 

 Notably, the Legislature has now amended SORA in several respects
 
 (see,
 
 L 1999, ch 453). An appeal of a risk level determination pursuant to CPLR articles 55, 56 and 57 is now authorized (Correction Law § 168-d [3] [“Either party may appeal as of right from the order (setting forth the court’s risk level determination) pursuant to the provisions of [CPLR] articles” 55, 56 and 57]). The Legislature, however, limited the appeal avenue only to a civil review of those risk level determinations made on or after January 1, 2000. Thus, the recent amendment does not apply in this case, nor does it affect the retroactive pool of similarly situated convicted sex offenders with respect to risk level appeals.
 

 We decline to fill that gap for all the reasons given — no CPL statutory authorization, our differential analysis in the precedents and the practical ramifications on the interpretive
 
 *819
 
 side. Were this Court to adopt defendant’s theory and promulgate a nonenacted avenue of appeal for this case and its limited cadre of cases, such a rule would generate dual criminal and civil tracks of appeal that could produce conflicting results. This is not what the Legislature intended and such a result is not warranted here.
 

 In light of our decision, we need not address the People’s argument that defendant, in any event, waived any right to appeal.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.