■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRIE B. CAMPBELL, Appellant. [719 NYS2d 191] —Mercure, J. P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 14, 1999, convicting defendant upon his plea of guilty of the crime of rape in the second degree.

Defendant was convicted upon his plea of guilty of the crime of rape in the second degree. At the time of sentencing, County Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), required defendant to register as a sex offender and provided defendant with the risk assessment instrument it used to calculate his risk of repeat offender level, i.e., a level 3 sexually violent predator, having a high risk of repeat offense. Defendant now appeals, challenging only the risk level designation made by County Court.

We agree with the People's assertion that defendant has no

right to appeal the propriety of the risk level designation assigned to him by County Court. Notably, the Court of Appeals has held that a risk level determination made by a sentencing court prior to January 1, 2000 "is not independently appealable from the criminal judgment of conviction" and the fact that the designation may have been made "contemporaneously with the criminal judgment does not change [that] governing principle" (*People v Kearns*, 95 NY2d 816, 817-818; *see, People v Hernandez*, 93 NY2d 261, 270 [distinguishing between sex offender certification, which is appealable, and risk level assessment, which is not appealable]).

Here, defendant challenges neither his conviction for rape in the second degree made pursuant to his guilty plea nor his certification as a sex offender. Rather, his sole appeal is from County Court's manner of conducting and the scoring of his risk level assessment. In our view, the fact that defendant's challenge is based on an alleged denial of due process rather than a mere miscalculation does not render the issue appealable. We also note that defendant in any event failed to preserve his due process challenge for our consideration by timely raising it in County Court (*see, People v Gonzalez*, 54 NY2d 729, 730).

Based upon our conclusion that defendant has not presented an appealable issue, County Court's judgment should be affirmed.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.