■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PUTT, Appellant. [757 NYS2d 661] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered December 8, 2000, convicting defendant after a nonjury trial of, inter alia, driving while ability impaired.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), resisting arrest (Penal Law § 205.30), and speeding (Vehicle and Traffic Law § 1180 [b]). Defendant was acquitted of obstructing governmental administration in the second degree (Penal Law § 195.05).

Defendant failed to preserve for our review his contention that the verdict finding him guilty of resisting arrest is repugnant to the acquittal of obstructing governmental administration (*see generally People v Alfaro,* 66 NY2d 985, 987 [1985]; *People v Hillmon,* 154 AD2d 887 [1989]). In any event, that contention lacks merit. The second count of the indictment, charging defendant with obstructing governmental administration, alleges that defendant "intentionally obstructed, impaired and perverted the administration of law (or other governmental function)" by preventing or attempting to prevent a sheriff's deputy from administering field sobriety tests to defendant. The third count of the indictment, charging defendant with resisting arrest, alleges that defendant intentionally prevented or attempted to prevent the deputy from effecting an authorized arrest of defendant. Because the second count contains elements different from those contained in the third count, the acquittal of the second count is not conclusive with respect to any essential element of the third (*see generally People v Tucker,* 55 NY2d 1, 6-8 [1981], *rearg denied* 55 NY2d 1039 [1982]; *People v Hightower,* 286 AD2d 913, 914 [2001], *lv denied* 97 NY2d 656 [2001]; *People v Kellogg,* 210 AD2d 912, 912-913 [1994], *lv denied* 86 NY2d 737 [1995]).

Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of driving while ability impaired because his trial motion of dismissal was not specifically directed to that count (*see People v Finger,* 95 NY2d 894, 895 [2000]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People, we conclude that it is legally sufficient to support that conviction (*see People v Crandall,* 287 AD2d 881, 882 [2001], *lv denied* 97 NY2d 703 [2002]; *People v Currier,* 221 AD2d 805, 806 [1995]; *People v Domanico,* 203 AD2d 378, 378-379 [1994]; *see generally People v Taylor,* 94 NY2d 910, 911-912 [2000]). Contrary to defendant's further contention, the verdict finding defendant guilty of driving while ability impaired is not against the weight of the evidence (*see People v Eberhardt,* 277 AD2d 1044 [2000]; *People v Gelster,* 256 AD2d 1133 [1998]; *see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.