■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON ROBINSON, Appellant. [778 NYS2d 808]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 3, 2001. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree (two counts), criminal possession of a weapon in the third degree and reckless endangerment in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by reversing those parts convicting defendant of two counts each of attempted murder in the first degree and reckless endangerment in the first degree and as modified the judgment is affirmed, and a new trial is granted on counts one, two, seven and eight of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]) and reckless endangerment in the first degree (§ 120.25) and one count of criminal possession of a weapon in the third degree (§ 265.02). Defendant was charged with having fired a semiautomatic weapon at two uniformed police officers who stopped his vehicle for traffic violations.

Defendant failed to move to suppress evidence seized from his aunt's apartment, where he ultimately was apprehended, and therefore failed to preserve for our review the contention in his pro se supplemental brief that the seizure of that evidence violated his constitutional right against unlawful search and seizure (see generally People v Gonzalez, 55 NY2d 887, 888 [1982]; People v Dickerson, 148 AD2d 970 [1989], rearg granted on other grounds 149 AD2d 985 [1989], lv denied 74 NY2d 739 [1989]). We reject defendant's further contention in the pro se supplemental brief that County Court erred in failing to suppress the showup identification of one of the victims. The People established that the officer at issue had unobstructed views of defendant's face four separate times, while the police were attempting to stop defendant's vehicle and during the shooting. In addition, the People established that, during one of those occasions, the spotlight from the police vehicle was shining on defendant's face. The officer identified defendant, who was handcuffed and in a patrol car, in proximity to the scene of the shooting and approximately 15 minutes after the shooting. We conclude that the court properly determined that the People met their initial burden of establishing "the reasonableness of the police conduct and the lack of any undue suggestiveness in [the showup] identification procedure" (People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]; cf. People v Ortiz, 90 NY2d 533, 537-538 [1997]). Contrary to the further contention of defendant in his pro se supplemental brief, the fact that he was handcuffed and seated in a patrol car does not render the procedure unduly suggestive (see People v Smith, 289 AD2d 1056, 1057-1058 [2001], lv denied 98 NY2d 641 [2002];

*see also People v Duuvon*, 77 NY2d 541, 545 [1991]). In any event, the People established "the existence of an independent source by clear and convincing evidence" (*Chipp*, 75 NY2d at 335).

Defendant failed to preserve for our review his contention that the verdict is repugnant insofar as he was found guilty of both attempted murder in the first degree and reckless endangerment in the first degree, having failed to move to set aside the verdict on that ground before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Kowallis*, 1 AD3d 1026, 1028 [2003]; *People v Putt*, 303 AD2d 992, 993 [2003]). Nevertheless, as the People properly concede, defendant cannot be convicted of intentional and reckless behavior arising from the same act and causing the same result (*see People v Gallagher*, 69 NY2d 525, 529 [1987]; *People v Slater*, 270 AD2d 925 [2000], *lv denied* 95 NY2d 858 [2000]; *cf. People v Trappier*, 87 NY2d 55, 59 [1995]; *People v Belcher*, 289 AD2d 1039 [2001], *lv denied* 97 NY2d 751 [2002]), and we exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by reversing those parts convicting defendant of two counts each of attempted murder in the first degree and reckless endangerment in the first degree, and we grant a new trial on counts one, two, seven and eight of the indictment. We note that, upon the retrial, in the event the court submits the attempted murder charges and the reckless endangerment charges to the jury, they should be submitted in the alternative (*see Slater*, 270 AD2d at 925).

Defendant failed to challenge the constitutionality of the discretionary persistent felony offender sentencing statute before the sentencing court, and thus his present contention that the statutory scheme is unconstitutional is not preserved for our review (*see People v Besser*, 96 NY2d 136, 148 [2001]; *People v Johnson*, 5 AD3d 1050, 1051 [2004]). In any event, defendant's contention lacks merit (*see People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]).

In view of our determination with respect to the attempted murder counts, we need not review defendant's further contention that the aggregate sentence imposed on those counts is unduly harsh or severe. In any event, we conclude that the sentence is not unduly harsh or severe. Finally, we reject defendant's contention in the pro se supplemental brief that the evidence is legally insufficient to support the conviction of those counts (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.