■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYHEEM SMITH, Appellant. [876 NYS2d 372]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 28, 2007, as amended on April 26, 2007, convicting defendant, upon his plea of guilty, of robbery in the first degree and four counts of kidnapping in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 22 years, unanimously modified, on the law, to the extent of vacating the sex offender certification and remanding for further certification proceedings, and otherwise affirmed.

After sufficient inquiry, the court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The record established that the plea was knowing, intelligent and voluntary. Defendant's claim of in-

nocence was unsupported, as well as being contradicted by the record, and he did not advance any other legally cognizable grounds for withdrawing the plea. Since the motion was meritless, his attorney's failure to adopt it did not require assignment of new counsel (*see e.g. People v Davis*, 37 AD3d 238 [2007], *lv denied* 9 NY3d 842 [2007]).

The plea was not rendered involuntary by the fact that the court did not mention the mandatory surcharge and fees during the allocution (*People v Hoti*, 12 NY3d 742 [2009]).

The court, which neglected to certify defendant as a sex offender at sentencing, erred in doing so at a proceeding conducted approximately a month later in the absence of defendant and his counsel. There is also no indication that either defendant or his attorney were notified of this proceeding. Sex offender certification pursuant to Correction Law § 168-d (1), which is distinct from the registration and risk level determination, is part of the judgment of conviction, even if not part of the sentence (*People v Hernandez*, 93 NY2d 261, 267 [1999]). The statute requires the court to perform the certification "upon conviction" (Correction Law § 168-d [1] [a]), and include it in the order of commitment. Since a defendant is entitled to "appellate review for constitutional, substantive or procedural irregularities or illegalities in that aspect of the case" (*Hernandez*, 93 NY2d at 269), it logically follows that a defendant is entitled, if not required, to first raise any such issues before the certifying court, which would be impractical if certification were to occur subsequent to sentencing in the circumstances presented here.

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.