■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN SMITH, Appellant. [892 NYS2d 393]—

Although defendant has appealed from his judgment of conviction, the only issue he raises relates to the legality of the sentencing court's direction that he register with the Police Department pursuant to the Gun Offender Registration Act (GORA) (Administrative Code of City of NY § 10-601 et seq.) and comply with the other requirements of GORA upon his release from prison. However, the registration and other requirements of GORA are not part of the sentence, or otherwise part of the judgment. Instead, they are analogous to the requirements of the Sex Offender Registration Act (SORA), and a SORA determination (for which the Legislature has provided a right to a separate civil appeal) may not be reviewed

on an appeal from a criminal judgment (*see People v Kearns*, 95 NY2d 816, 817 [2000]; *People v Stevens*, 91 NY2d 270, 277 [1998]). Moreover, here the court did not make any kind of certification or determination regarding GORA, or make GORA compliance a condition of a nonincarceratory sentence under Penal Law article 65; its only involvement was to inform defendant of his legal obligations and to obtain his signature on a registration form.

Since the appeal is properly before us as an appeal from a judgment, we do not dismiss the appeal, but affirm on the ground that no reviewable issue has been raised (*see People v Callahan*, 80 NY2d 273, 285 [1992]). In any event, defendant's challenge to GORA is both unpreserved and without merit. Concur—Saxe, J.P., Catterson, Moskowitz, DeGrasse and Abdus-Salaam, JJ.