[942 NE2d 1039, 917 NYS2d 614]

T<small>HE</small> P<small>EOPLE OF THE</small> S<small>TATE OF</small> N<small>EW</small> Y<small>ORK</small>, Respondent, v S<small>EAN</small> S<small>MITH</small>, Appellant. C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>, Intervenor-Respondent.

Argued November 15, 2010; decided December 16, 2010

**POINTS OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Bruce D. Austern* and *Robert S. Dean* of counsel), for appellant. Appellant's gun offender registration pursuant to New York City's recently enacted Gun Offender Registration Act is appealable on direct appeal, and should be vacated as a matter of law, because New York City's new registration law is preempted by New York state law, which prosecutes gun offenses, maintains a record of offenders, and supervises offenders upon release. (*Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500; *Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91; *Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372; *Anonymous v City of Rochester*, 13 NY3d 35; *People v Speakerkits, Inc.*, 83 NY2d 814; *Ba Mar v County of Rockland*, 164 AD2d 605; *New York State Club Assn. v City of New York*, 69 NY2d 211, 487 US 1; *People v Judiz*, 38 NY2d 529; *DJL Rest. Corp. v City of New York*, 96 NY2d 91; *Matter of Ardizzone v Elliott*, 75 NY2d 150.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Martin J. Foncello* and *Mary C. Farrington* of counsel), for respondent. Defendant cannot contest the legality of the New York City Gun Offender Registration Act on direct appeal from the judgment of conviction. In any event, this groundbreaking local law is not preempted by state law. (*People v Stevens*, 91 NY2d 270; *People v Marra*, 13 NY2d 18; *People v Gersewitz*, 294 NY 163; *People v Zerillo*, 200 NY 443; *People v Nieves*, 2 NY3d 310; *United States v Spallone*, 399 F3d 415; *People v Guerrero*, 12 NY3d 45; *People v Kearns*, 95 NY2d 816; *People v Hernandez*, 93 NY2d 261;

*Matter of Garner v New York State Dept. of Correctional Servs.,* 10 NY3d 358.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Julie Steiner* and *Barry P. Schwartz* of counsel), for intervenor-respondent. Pursuant to the New York State Constitution and Municipal Home Rule Law, the City's Gun Offender Registration Act—requiring gun offenders, whether or not sentenced to a term of imprisonment, to register with the City's Police Department—is a proper exercise of its police powers to regulate the safety and well-being of its citizens. It is neither expressly nor impliedly preempted by nor otherwise inconsistent with the provision of the Executive Law relating to the record-keeping on all inmates released from prison. (*Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91; *DJL Rest. Corp. v City of New York,* 96 NY2d 91; *New York State Club Assn. v City of New York,* 69 NY2d 211, 487 US 1; *Consolidated Edison Co. of N.Y. v Town of Red Hook,* 60 NY2d 99; *Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs,* 74 NY2d 761; *New York City Health & Hosps. Corp. v Council of City of N.Y.,* 303 AD2d 69; *People v Judiz,* 38 NY2d 529.)

**OPINION OF THE COURT**

Ciparick, J.

In September 2006, defendant Sean Smith was charged in a New York County indictment with one count each of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, unlawful possession of marijuana, and unlicensed driving. He ultimately pleaded guilty to both weapons charges and unlicensed driving in full satisfaction of the indictment. In exchange for his guilty plea, defendant was promised prison terms of five years for each felony weapon charge and 15 days for unlicensed driving, all to run concurrently, and five years of postrelease supervision. At his plea hearing, Supreme Court informed defendant that he would be required to register as a gun offender pursuant to New York City's Gun Offender Registration Act (GORA).

In January 2009, defendant appeared for sentencing. When asked by the sentencing court if the People had anything to say, the prosecutor stated:

> "Your Honor, the People rely on the promised sentence of five years in jail and five years [of] post-release supervision and Gun Offender Registration.

"And I have provided . . . [the GORA] registration [form] to defense counsel."

Defense counsel requested that defendant receive credit for time served, but did not otherwise object to the sentence as stated by the prosecutor. When the court pronounced defendant's sentence, it stated that he was subject to GORA and advised him of his obligations thereunder. At no time during the sentencing hearing did defendant challenge the legality of GORA or its application to him.

Defendant appealed from the judgment of conviction and sentence, arguing for the first time that GORA was preempted by state law. The Appellate Division, First Department, unanimously affirmed, concluding that "the registration and other requirements of GORA are not part of the sentence, or otherwise part of the judgment. Instead, they are analogous to the requirements of the Sex Offender Registration Act (SORA), and a SORA determination . . . may not be reviewed on an appeal from a criminal judgment" (*People v Smith*, 69 AD3d 450, 450-451 [1st Dept 2010]). Thus, the Court stated, it was affirming the judgment of conviction and sentence "on the ground that no reviewable issue ha[d] been raised" (*id.* at 451).

A Judge of this Court granted defendant leave to appeal, and we now affirm.

Based on the New York City Council's finding that gun offenders pose "unique dangers" to the citizens of New York City, the City Council, effective March 24, 2007, adopted GORA, a regulatory scheme to monitor gun offenders residing within the city (*see* Council of City of NY Intro No. 362, Comm on Pub Safety, Rep of Governmental Affairs Div, Background [June 27, 2006]; Local Law No. 29 [2006] of City of NY). GORA states that a person convicted of specified gun offenses in a court in New York City is a "gun offender" subject to registration with the New York Police Department (NYPD) (*see* Administrative Code of City of NY § 10-602 [d], [e]). Among other things, GORA requires that a gun offender register at the time sentence is imposed (*see id.* § 10-603 [a]) and personally appear at the NYPD Gun Offender Monitoring Unit within 48 hours of the date of conviction or the date of release from prison, whichever is later (*see id.* § 10-603 [d]). Failure to comply with GORA requirements is a misdemeanor punishable by a fine up to $1,000 and/or up to one year of imprisonment (*see id.* § 10-608).

The threshold question on this appeal is whether GORA registration is subject to appellate review pursuant to CPL

450.10. "Appealability of determinations adverse to a defendant cannot be presumed because 'a defendant's right to appeal within the criminal procedure universe is purely statutory'" (*People v Nieves*, 2 NY3d 310, 314 [2004]). As relevant here, Criminal Procedure Law § 450.10 "authorizes a defendant to appeal from a judgment in a criminal case, which brings up for review many of the orders and rulings that precede or are part of it" (*Nieves* at 314). A judgment is "comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence" (CPL 1.20 [15]).

In *People v Stevens* (91 NY2d 270 [1998]) and *People v Kearns* (95 NY2d 816 [2000]), we held that the registration and notification requirements of SORA—regardless whether the specific risk level determination was made at the time of sentencing or post-judgment—are not a "traditional, technical or integral part of a sentence" that becomes incorporated within the judgment of conviction (*Stevens*, 91 NY2d at 276; *Kearns*, 95 NY2d at 818).[1] Accordingly, SORA registration and notification requirements are not reviewable on direct appeal from a judgment of conviction and are not individually appealable within the criminal proceeding (*Kearns*, 95 NY2d at 818).

We agree with the Appellate Division that GORA's registration and notice requirements, like SORA's, are not a "traditional, technical or integral" part of defendant's sentence or subsumed within the judgment of conviction. Notably, neither the Penal Law nor the Criminal Procedure Law directs or authorizes a sentencing court to impose GORA registration as part of a defendant's sentence. If the sentencing court here had omitted advising defendant of his obligation to register as a gun offender, defendant would have nonetheless remained obligated to register under the terms of GORA (*see* Administrative Code of City of NY § 10-603 [a] ["A gun offender shall register with the department at the time sentence is imposed"]). In other words, pursuant to the terms of GORA, the registration of a gun offender is an administrative matter between the City of New York, the NYPD, and the offender, not a component of a gun offender's sentence to be imposed by the sentencing court.

---

1. After *Stevens* was decided, the Legislature amended SORA to provide the People and the defendant the right to take a civil appeal challenging a risk level determination (*see* Correction Law § 168-d [3], as amended by L 1999, ch 453, § 6; *see also Kearns*, 95 NY2d at 818).

Defendant's reliance on *Nieves* (2 NY3d 310 [2004]) and *People v Hernandez* (93 NY2d 261 [1999]) is misplaced. In both cases, we concluded that the matter sought to be appealed—initial certification as a sex offender by the trial court upon conviction and orders of protection issued during a sentencing proceeding—were part of the judgment of conviction and therefore appealable (*Nieves*, 2 NY3d at 312; *Hernandez*, 93 NY2d at 267-268). Significantly, in both cases, the challenged issues were "actually and temporally" part of the judgment of conviction (*Hernandez*, 93 NY2d at 270; *see also Nieves*, 2 NY3d at 315 ["CPL 530.13 (4) authorizes a court to issue permanent orders of protection for the benefit of victims and witnesses '(u)pon conviction of any offense.' By using this language, the Legislature signaled that orders of protection issued at sentencing are part of the final adjudication of the criminal action involving defendant"]). Moreover, certification as a sex offender upon conviction and orders of protection issued at the time of sentencing are made part of the order of commitment, which is incorporated into the certificate of conviction (*see e.g. Kearns*, 95 NY2d at 818). Notably, the GORA registration and notice requirements do not appear on defendant's "Uniform Sentence and Commitment" form, further supporting our conclusion that such requirements are not part of a defendant's sentence.

In short, like SORA registration and notice requirements,[2] GORA registration and accompanying notice requirements cannot be deemed a technical or integral part of a defendant's sentence nor be incorporated into the judgment of conviction. Accordingly, GORA registration is not reviewable on direct appeal from a judgment in a criminal proceeding.

Defendant further argues that GORA is preempted by Executive Law § 259-a. Because we conclude, as did the Appellate Division, that the imposition of GORA registration is not reviewable on direct appeal, we need not reach that argument. We observe, however, that there are appropriate means by which GORA could be challenged as preempted by state law, including a CPLR article 78 proceeding or a declaratory judgment action.

---

2. The distinction between SORA registration and notice requirements, which we have held to be not part of a judgment of conviction and thus not appealable, and the initial certification as a sex offender by the trial court upon conviction, which we have held comprises part of a sentence, is clearly articulated in *People v Hernandez* (93 NY2d at 270).

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.