Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered July 20, 2010, as amended August 2, 2010, convicting defendant, after a jury trial, of two counts of sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to consecutive terms of seven years and five years, respectively, unanimously modified, on the law, to the extent of vacating the sex offender certification and remanding for further certification proceedings, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations, includ *519 ing its rejection of defendant’s highly implausible defense of consent. The victim’s psychiatric background, which was fully explored before the jury, casts no doubt on whether the encounter was forcible.
The court properly exercised its discretion in denying defendant’s requests for a mistrial, the reopening of testimony, or other relief, based on a portion of the prosecutor’s summation. The prosecutor never made any argument that defendant’s consent defense was refuted by the victim’s supposed “chastity.” Instead, the prosecutor merely made appropriate comments on matters in evidence, including the victim’s demeanor and medical records introduced by defendant, and these remarks were responsive to defense arguments. Nothing in the remarks could be construed as opening the door to evidence of the victim’s sexual history that would otherwise be barred by the Rape Shield Law (CPL 60.42).
The court erred in certifying defendant as a sex offender at a proceeding conducted several weeks after sentencing in the absence of defendant and his counsel (see People v Smith, 60 AD3d 580, 581 [1st Dept 2009], lv denied 12 NY3d 921 [2009]).
We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P, Saxe, Moskowitz and Manzanet-Daniels, JJ.