The People of the State of New York, Respondent,
against
Thomas Seminara, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered November 4, 2016, convicting him of sexual abuse in the third degree, and resentencing him to a conditional discharge.




Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered November 4, 2016, affirmed.
Where, as here, defendant controverted the allegation that the sex crime victim was less than eighteen years of age, the court was required to conduct a hearing on the issue "prior to sentencing" (see Correction Law § 168-d[1][b]). Since the court initially failed to conduct the hearing prior to sentencing, it providently exercised its discretion, upon defendant's motion, in vacating the sentence and setting the matter down for an age determination hearing (see People v Williams, 106 AD3d 518, 519 [2013], lv denied 21 NY3d 1047 [2013]; People v Smith, 60 AD3d 580, 581 [2009], lv denied 12 NY3d 921 [2009]). Contrary to defendant's contention, he was not relieved of his obligation to register as a sex offender (see Correction Law §§ 168-d[1][a], 168-l[8]).
At the ensuing hearing, the People proved by clear and convincing evidence that the victim was less than eighteen years old at the time of the incident. The court properly considered "reliable hearsay evidence" in the record, including the complaint report and the arresting officer's memo book, which indicated that the victim and her father stated the incident occurred when the victim was 16 (see People v Sincerbeaux, 27 NY3d 683, 688-689 [2016]; People v Mingo, 12 NY3d 563, 573 [2009]; People v Flynn, 56 Misc 3d 128[A], 2017 NY Slip Op 50835[U][App Term, 1st Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 28, 2018