People v Johnson (2018 NY Slip Op 06337)





People v Johnson


2018 NY Slip Op 06337


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


874 KA 15-00915

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY R. JOHNSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered February 17, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that County Court erred in refusing to suppress identification testimony arising from three separate identification procedures, specifically two showups and a photo array. We reject that contention.
The first showup identification, which occurred during the course of the ongoing investigation, was conducted within 10 minutes of the crime and only a few blocks from the scene of the crime, and "the fact that [defendant] was handcuffed and standing next to a police officer during the showup identification procedure does not render the procedure unduly suggestive as a matter of law" (People v Thompson, 132 AD3d 1364, 1365 [4th Dept 2015], lv denied 27 NY3d 1156 [2016]; see generally People v Robinson, 8 AD3d 1028, 1029 [4th Dept 2004], affd 5 NY3d 738 [2005], cert denied 546 US 988 [2005]; People v Walker, 155 AD3d 1685, 1686 [4th Dept 2017], lv denied 30 NY3d 1109 [2018]). The second showup identification, which took place at the scene of the crime, occurred within 20 to 25 minutes of the crime (see People v Ponder, 42 AD3d 880, 881 [4th Dept 2007], lv denied 9 NY3d 925 [2007]) and was also conducted "in the course of a continuous, ongoing investigation' " (People v Lewis, 97 AD3d 1097, 1098 [4th Dept 2012], lv denied 19 NY3d 1103 [2012], quoting People v Brisco, 99 NY2d 596, 597 [2003]). Moreover, "the fact that the [witness] viewed defendant after he got out of a patrol car did not render th[at] procedure unduly suggestive" (People v Owens, 161 AD3d 1567, 1568 [4th Dept 2018]; see also Robinson, 8 AD3d at 1029). We thus conclude that "the showup[s were] reasonable under the circumstances—that is, . . . conducted in close geographic and temporal proximity to the crime—and the procedure[s] used [were] not unduly suggestive" (Brisco, 99 NY2d at 597).
Defendant contends that the photo array presented to the victim at the hospital was unduly suggestive because the victim was not shown an array without defendant's photograph in it. We reject that contention (see People v Peterkin, 153 AD3d 1568, 1569 [4th Dept 2017]). Defendant's remaining contentions concerning the identification procedures are raised for the first time on appeal and thus are not preserved for our review (see e.g. People v Bakerx, 114 AD3d 1244, 1247 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]; Lewis, 97 AD3d at 1097-1098; People v Santiago, 83 AD3d 1471, 1471 [4th Dept 2011], lv denied 17 NY3d 800 [2011]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the court erred in permitting witnesses to testify at trial about the identification procedures. Inasmuch as no objection was made to that testimony, defendant's contention is not preserved for our review (see People v Marks, 182 AD2d 1122, 1122-1123 [4th Dept 1992]; People v Battee, 94 AD2d 935, 936 [4th Dept 1983]). In any event, although testimony concerning a third-party's prior identification of a defendant is generally inadmissible (see People v Buie, 86 NY2d 501, 510 [1995]; see also People v Patterson, 93 NY2d 80, 82 [1999]; but see CPL 60.25 [1] [a]), we conclude that the testimony of a police officer concerning another citizen's identification of defendant during the second showup identification "served to complete the narrative of events leading up to defendant's [arrest]' " (People v Corchado, 299 AD2d 843, 844 [4th Dept 2002], lv denied 99 NY2d 581 [2003]; see People v Cruz, 214 AD2d 952, 952 [4th Dept 1995], lv denied 86 NY2d 793 [1995]). Moreover, defense counsel himself elicited the testimony concerning the first showup procedure.
We reject defendant's contention that counsel was ineffective in failing to object to the testimony about the second showup identification and in eliciting testimony concerning the first showup identification. Defense counsel's entire theory at trial was that the people who identified defendant as the perpetrator did so based solely on his clothes, which witnesses admitted were similar to clothes commonly worn by others in the neighborhood. Thus, the improper testimony did not affect the overall defense strategy. Viewing the evidence, the law and the circumstances of the case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, viewing the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court